THOMAS E. SAVAGE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Fractions of days are not regarded in law, except when justice requires a careful examination as to the precise time of day at which an act was performed, in order to do right as between parties.

2. Where time is to be computed from a particular day, or when an act is to be performed within a specified period, as from or after a day named, the rule is to exclude the first day designated, and to include the last day of the specified period.

3. An indictment found on the thirteenth day of December, 1880, for an offence alleged to have been committed on the thirteenth day of December, 1878, is good, the offence not being barred by the statute of limitations.

4. It is not necessary that the court should charge the jury in the precise language adopted by the counsel for the defendant in his request, but it is sufficient if it charge the propositions of law so submitted in equivalent language of its own adoption.

Writ of Error to the Circuit Court for Volusia county. The facts of the case are stated in the opinion.

*J. W. Price* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

Thomas E. Savage, the plaintiff in error, was indicted on the 13th day of December, 1880, in Volusia county for an assault, with intent to murder, in such indictment alleged to have been committed on the 13th day of December, 1878.

The counsel for the defendant moved to quash the indictment upon the ground that it was not found, or the cause prosecuted, within two years after the offence was charged to have been committed, and was therefore barred by the statute of limitations.

The court denied the motion to quash, and the counsel for the defendant then and there excepted to the ruling of the court. The defendant then plead not guilty and was tried, the jury finding him guilty.

Before the court gave its charge to the jury on the trial the counsel for the defendant requested in writing that the following propositions should be embraced in such charge :

First. " If the jury believe from the evidence that the indictment on which the defendant is being tried was not found and presented within two years after the crime is shown by the evidence to have been committed, they must find for the defendant and acquit him."

Second. " If the jury believe from the evidence that the indictment on which the defendant is being tried was found and presented not within two years after the offence therein charged to have been committed, they must find for the defendant and acquit him."

Third. " If the jury believe from the evidence that the defendant was in any other place than that where the crime was committed at the time the same was committed, they must find for the defendant and acquit him."

Fourth. " If the jury had a reasonable doubt arising out of the evidence that the defendant is guilty of the crime with which he was charged, they must give the defendant the benefit of that doubt and acquit him."

The court charged the jury in accordance with the first of such propositions, declined to charge the second, and says the third and fourth " instructions are in the charge to the jury, and no occasion exists for repeating them."

To this ruling of the court the counsel for the defendant excepted.

The counsel for the defendant then moved for a new trial on the following grounds :

" 1. Because the verdict of the jury was contrary to the evidence."

" 2. Because the court refused to give the specific instructions requested by defendant's counsel."

" 3. Because of other proceedings apparent on the face of the record."

The motion for a new trial was denied, and the counsel for defendant excepted and brings his case here on a writ of error.

The first and second errors are in substance the same: That the court erred in refusing to quash the indictment upon the ground that the offence therein charged was barred by the statute of limitations.

The offence was charged to have been committed on the thirteenth day of December in the year 1878, and the indictment was presented and filed on the thirteenth day of December, 1880. The statute under which it is claimed this offence is barred is as follows: * * * " All offences not punishable with death shall be prosecuted within two years next after the same shall have been committed." McClellan's Digest, Chapter 83, §2.

It is undoubtedly true that when the prosecution of an offence is limited by the statute, the time as alleged in the indictment should appear to be within its limits, as is urged by the counsel for the defendant. In this case the question, then, is when did the statute commence to run? or upon what particular day was a prosecution for the offence barred? There is no bill of exceptions, and none of the evidence is before us, we must therefore assume that the proof of the offence was to the effect that it was committed upon the day charged in the indictment, to-wit: the thirteenth of December, 1878. If the indictment showed upon its face that the offence with which the defendant was charged was barred by the statute of limitation, the motion to quash the indictment upon that ground was a proper proceeding, and should have been granted.

The counsel for the defendant insists that the indictment does show that the offence was barred under and by virtue of the statute before cited; and contends that the two years within which it should have been prosecuted commenced on the day of its commission, and therefore expired on the day preceding the action of the grand jury by filing the same in open court. We can hardly assent to this proposition. The rule seems to be that in all such cases the first day, or that upon which the offence was committed or the thing done, is to be excluded, and the last day, or the day from which the statute commences to run, is included in the time within which the indictment may be found and the offence prosecuted. This is certainly the rule in all civil cases, and, consequently, must embrace those which are in the nature of criminal prosecutions. Fractions of days are not regarded in law except where justice requires a careful examination as to the precise time of the day at which an act was performed, in order to do right as between parties. The statute requires that the offence shall be prosecuted within two years *next after* it shall have been committed ; having been committed on the 13th day of December, 1878, excluding that day, or the fraction of it, the finding and presentment of the grand jury on the 13th day of December, 1880, was within the two years prescribed by statute, and the offence was not then barred.

In the case of Sheets vs. Seldon's Lessee, 2 Wallace R., 177, the court use this language: " The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day, or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated and to include the last day of the specified period." In Cornell vs. Moulton, 3 Denio, 12, Chief-Justice Bronson says : " When the

period allowed for doing an act is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time, and so be excluded from the computation." In Ex-parte Dean, 2 Cowen, 605, it was held by the court that when the computation of time in a statute is to be from an act done, the first day should be excluded. (See also 2 Cowen, 518.) In Bigelow vs. Willson, 1 Pickering, 485, the court say, after an examination of the cases bearing upon this point: " We are warranted by the authorities to say that when time is to be computed from or after the day of a given date, the day is to be excluded in the computation." In Wiggins vs. Peters and another, 1 Metcalf, 127, the court of Massachusetts decided that " when an act is to be done in a given term of time, from and after a day named, the day is not included," and says: " The general rule was settled on great consideration, and we think upon satisfactory reasons, in Bigelow vs. Willson," above referred to. The same rule seems to prevail in several other of the States. See The Inhabitants of Windsor vs. The Inhabitants of China, 4 Maine, 298 ; Rand vs. Rand, 4 N. H., 267 ; In re Samuel Footner, 2 Harrington, 461 ; Pyle vs. Maulding, 7 J. J. Marshall, 202 ; Kinnon vs. Osgood, 19 Missouri, 60 ; Owen vs. Slatter et al., 26 Ala., 547 ; Lang vs. Phillips, 27 Ala., 311.

The other two errors assigned relate to the charge of the court to the jury, and were in substance as follows : First. If the jury were satisfied from the evidence that the defendant was not present at the place when and where the crime was committed, they must acquit him. Second. If the jury had a reasonable doubt of the guilt of the defendant, arising from the evidence, they must give him the benefit of the doubt and acquit him. We think both of

these propositions were fairly embraced in the written charge, which, in so far as it relates to these assigned errors, is as follows: "An alibi in evidence signifies that the person charged with the offence was elsewhere when the offence charged was committed. When an alibi is set up it is necessary for the defence to prove it, or to offer such testimony as to satisfy the jury that the person charged with the offence could not be present when it was committed. It is necessary for the State to prove the commission of the offence, and to identify the accused as the person committing the offence. If any reasonable doubt exists on your mind as to the guilt of the accused, you can give him the benefit of such doubt." It is not necessary that the court should charge in the precise language adopted by the counsel for the defendant in his request, but it is sufficient if it charge the matter and propositions of law so submitted in equivalent language of its own adoption. Nickels & Gautier vs. Mooring, 16 Fla., 76.

The judgment is affirmed.