H. B. CARTER, DOING BUSINESS UNDER THE NAME OF CARTER LUMBER YARD, *Appellent,* v. P. F. GEARTY AND LAURA C. GEARTY, HIS WIFE, *Appellees.*

En Banc.

Opinion Filed July 22, 1925.

Assuming, but not deciding, that under appropriate circumstances real property owned and held by husband and wife by the entireties may be subjected to a statutory lien for building materials furnished upon the joint order of husband and wife, or with the knowledge and acquiescence of both spouses, for the construction or repair of a building upon such real property, the time within which such a lien could be enforced is limited by Section 3530, Revised General Statutes, 1920,

and where there has been no record of a notice of such lien, suit to enforce the same must be brought within twelve months from the furnishing of the materials.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Decree affirmed.

*L. P. Hardee,* for Appellant;

*Thomas Hamilton,* for Appellees.

STRUM J.—Appellant, as complainant below brought his bill in chancery against appellees, who are alleged to be husband and wife, seeking to have declared upon and enforced against the real property therein described a statutory lien of complainant for lumber and other building materials furnished by complainant directly to the defendants and used by the latter to repair or construct a house upon said lands.

The bill, in effect, alleges that the said real property, at the time of the furnishing of the materials and at the time of the filing of the bill of complaint, was owned and held by the defendants as husband and wife by the entireties; that the defendants purchased and used said building materials jointly and that the indebtedness arising on account of the purchase thereof was joint. The materials were "purchased," so the bill alleges, "on and between the dates of May 25th, 1921, and March 1st, 1922." The bill further alleges that the materials were furnished to said defendants, but is silent as to the dates upon which the materials were so *furnished*. A statement of account attached to the bill of complaint, and expressly made a part thereof, discloses, however, that the last charge against the defendants was made on October 14, 1921, for building

material, in amount of $8.00. The fact that the last material was furnished on October 14, 1921, is further supported by the claim in the bill of complaint for interest from that date. The bill of complaint was filed on March 26, 1923.

The suit purports to be brought solely under the provisions of Chapter V, Section 3495, et seq., Revised General Statutes, 1920, relating to the acquisition and enforcement of statutory liens. No question as to the enforcement of an indebtedness of any nature against the separate statutory property of a married woman is involved in this suit.

The Chancellor sustained a demurrer to the bill and dismissed the same.

The bill of complaint is drawn upon the theory that, under the circumstances therein alleged, real property owned and held by husband and wife by the entireties may be subject to a statutory lien for building materials furnished upon the joint order of husband and wife, or with the knowledge and acquiescence of both spouses, for the construction or repair of a building upon such real property. Assuming, but not deciding, the correctness of that theory, the time within which such a lien could be enforced, is limited by Section 3530, Revised General Statutes, 1920. There appears to have been no record of a notice of the lien claimed by complainant, and suit to enforce the same must therefore be brought within twelve months from the furnishing of the materials. Whether the last materials were furnished on October 14, 1921, or on March 1st, 1922, the bill of complaint was not filed until March 26, 1923, more than twelve months from the latter date. The Chancellor therefore was correct in his order sustaining the demurrer (See Erickson v. Insurance Co. of North America, 66 Fla. 154, 63 South. Rep. 716), and since the bill of complaint, under the circumstances, was not susceptible of successful amendment, there was no error in dismissing the bill without giving complainant an opportunity to amend.

Decree affirmed.

WEST, C. J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J. J., concur.