ANDERSON MILL AND LUMBER COMPANY, a corporation, *Appellant,* vs. C. C. CLEMENTS, MRS. C. C. CLEMENTS, and GEORGE BENNETT, *Appellees.*

Division B.

Opinion filed May 7, 1931.

524

*W. Kenneth Barnes,* for Appellant;

*A. L. Auvil* and *W. M. Larkin,* for Appellees.

TERRELL, J.—This is a suit in equity by appellant, complainant below, to foreclose a material man's lien as authorized by Section 3519 Revised General Statutes of 1920 (Section 5382 Compiled General Laws of 1927). Defendants below, appellees here, suffered a decree pro con fesso to be entered against them, motion to vacate which was denied, and a final decree in favor of complainant was granted. Both these decrees were vacated and set aside on motion for rehearing and defendants permitted to enter appropriate pleadings. Appeal was taken from that order. It is first urged that the Chancellor committed error in setting aside the decree pro confesso. We have repeatedly said that this was a matter addressed to the sound discretion of the trial court to be exercised according to the circumstances in the case. It is not shown

that the Chancellor abused his discretion in this instance.

It is next contended that appellant cannot prevail in this suit because it was not brought within the time prescribed by Section 3530 Revised General Statutes of 1920 (Section 5393 Compiled General Laws of 1927).

Section 3530 Revised General Statutes of 1920 is as follows:

> "When there has been no record of a notice of lien, suit to enforce lien (if it exists without such record) must be brought within twelve months from the performance of the work or the furnishing of the materials, and if there has been such record, the suit must be brought within twelve months from the time of such record."

Under the law (Sections 3517 and 3518 Revised General Statutes of 1920, Sections 5380 and 5381 Compiled General Laws of 1927) liens for labor or material may be acquired either by persons in privity with or by persons not in privity with the owner. Those in privity with the owner are such as have a material or successive relationship with him to the same thing, right of action or property which does not arise by contract between them. It may arise by contract or conveyance to them by others. Privity may emanate from the following sources: (1) Blood, as the heir to his ancestors; (2) Representation, as executors or administrators to a deceased testator or intestate; (3) Estate, as grantor and grantee; (4) Contract, as personal privities which extend only to the persons of the lessor and lessee; (5) Estate and Contract, when the lessee assigns his interest, but the contract between lessor and lessee continues, the lessor not having accepted the assignee; and (6) By law, as tenant by the courtesy, or in dower, or the husband suing or defending in the right of his wife. Black's Law Dictionary.

Those in privity with the owner absolute or limited and those deriving through his death including purchasers and creditors with notice acquire their lien against such owner's real or personal property by performing the labor or furnishing the material. As against purchasers and creditors of the owner without notice said lien is acquired on real estate only by recording in the office of the clerk of the Circuit Court of this county where the real estate lies a notice of such lien, said notice to contain a statement of the amount claimed, a description of the property upon which the lien is claimed, and a notice of the intention to hold a lien for said amount, verified by the oath of the lienor or his agent. The said lien attaches from the date of the filing of the notice which must be done after and within three months from the date the labor or material was entirely performed or furnished.

Those not in privity with the owner acquire a lien upon such owner's real or personal property as against him and those claiming through his death including purchasers and creditors with notice by delivering to such owner or his agent a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished is indebted to the person performing the labor or furnishing the material in a sum stated. Any person who is performing or is about to perform labor by himself or others, or is furnishing or is about to furnish material, may if he desires, deliver to the owner, or his agent, a written cautionary notice that he will do certain work or furnish certain materials or both. A lien will exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the materials furnished.

Purchasers and creditors of the owner without notice, and not in privity with him, may acquire a lien on his real estate after giving the notice required in paragraph one of Section 3518 Revised General Statutes of 1920 (Section 5381 Compiled General Laws of 1927) and in addition thereto, recording in the office of the clerk of the Circuit Court of the county where the real estate lies a notice similar to that required in paragraph two of Section 3517 Revised General Statutes of 1920 (Section 5380 Compiled General Laws of 1927) the said lien to accrue from the time of such recordation. Any purchaser or creditor whose interest accrues during the construction or repair of the property shall be deemed and held to be a purchaser or creditor with notice.

The statutes under review also prescribe the method for acquiring labor and material man's liens on personal property but they are not material to this case, hence they are not discussed.

From the foregoing analysis of the statutes, it appears that those in privity with the owner absolute or limited and those deriving through his death including purchasers and creditors with notice acquire their lien ipso facto against such owner's real or personal property, by performing the labor or furnishing the material while those not in privity with the owner, acquire their lien ipso facto upon such owner's real or personal property as against him and those claiming through his death including purchasers and creditors with notice by delivering to the owner or his agent a written notice that the contractor or other person for whom the labor or material has been purchased is indebted to the person furnishing the same in a sum stated. A like rule applies to those acquiring a lien by giving a ''cautionary notice''. In either event suit

to enforce the lien must be brought within one year from the date the lien is acquired.

It further appears, that as to real estate only whether in privity with or not in privity with the owner as against purchasers and creditors of such owner without notice a lien will be acquired by recording in the office of the clerk of the Circuit Court of the county where the real estate lies, a notice of such lien, said notice to contain a statement of the amount claimed, a description of the property upon which claimed, and a notice of the intention to hold a lien for said amount, verified by the lienor or his agent. Suits to enforce such liens must be brought within twelve months from the date of recording said notice.

The lienor, plaintiff in error, was a creditor without notice not in privity with the owner and as such was required to bring his suit within twelve months from the date of recording his notice of lien. The record discloses that his notice of lien was filed and recorded as required by law July 20, 1927 and that his bill to enforce said lien was filed July 20, 1928. The rule in this state is that when an act is required to be performed within a specified period from a day named, we exclude the first day of the period and include the last. He was therefore within the rule. Savage vs. State 18 Fla. 970; Simmons vs. Hanne 50 Fla. 267, 39 So. 77, 7 Ann. Cas. 322; Croissant vs. De Soto Imp. Co. 87 Fla. 530, 101 So. 37.

The next question pressed for our solution is whether or not plaintiff in error is entitled to have his lien enforced against all the land embraced in the description contained in his notice of lien as filed and recorded.

It is alleged that the land described in the notice of lien was a lot thirty-seven and one-half feet North and

530

South by one hundred thirty-eight feet East and West, that near the east boundary of said lot, was a dwelling of the value of six thousand dollars, that said dwelling and lot were the homestead of defendant, C. C. Clements, and had been occupied and used as such by himself and family since prior to July, 1927, when the notice of lien was recorded, that appellee, George Bennett, was a son-in-law of C. C. Clements who was permitted as licensee to erect near the west boundary of said lot a small dwelling for himself and family with the understanding that if Clements should sell his homestead at any time, the said dwelling would go with the lot as part of the realty, that the materials furnished for which recovery is sought in this suit were used in said dwelling but that the transaction with reference to them was conducted between appellant and Bennett and that Clements knew nothing whatever about the terms or conditions of such transaction.    Under this state of facts was the plaintiff in error entitled to have his lien enforced against the entire property of Clements or if entitled to any relief should it be limited to the small dwelling and the grounds devoted to it?

Section Twenty-one of Article Sixteen of the Constitution requires the legislature to provide adequate liens for laborers and mechanics in the subject matter of their labor, Sections 3517 and 3518 Revised General Statutes of 1920, the controlling law of this case, were enacted in obedience to this mandate which it will be observed bears no reference to material men.    Section One of Article Ten of the Constitution defines a rural homestead as one hundred sixty acres of land and an urban homestead as the half of one acre with improvements thereon and provides that it shall be exempt from forced sale under

process of any court, and that the real estate shall not be alienable without the joint consent of husband and wife when that relation exists. It also provides that no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair or improvement on the real estate exempted, or for house, field or other labor performed on the same. The exemption provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

The lands constituting the subject matter of this litigation are less than "the half of one acre" and are "in a city or town". In this latter situation, the Constitutional provision as above, restricts the urban homestead to the "residence and business house of the owner" and the grounds about them devoted to their use. Smith vs. Guckenheimer 42 Fla. 1, 27 So. 900.

There is no showing here that any portion of the homestead has been alienated by the joint consent of Clements and wife as that term is generally understood but it is shown that Clements gave his son-in-law, Bennett, permission to erect a small residence on the west end of said property and his wife had knowledge of and acquiesced in such construction. It is our view that this conduct on the part of Clements and his wife amounted to an abandonment of their homestead to this extent. Smith vs. Guckenheimer, supra; Matthews vs. Jeacle 61 Fla. 686, 55 So. 865.

Actual residence is an essential quality to support a homestead and this cannot be when a portion of it is

surrendered to another to be built on and occupied by that other as was the case here. The homestead was designed for the head of the family for the family's protection and should be scrupulously preserved but it cannot be employed as an instrument of fraud or a ''city of refuge'' to escape payment of obligations made in good faith. ·

It is our conclusion that the appellant brought his suit within the time required by law, that it is entitled to the relief sought but that it cannot be enforced against that part of the locus in quo occupied and used as the homestead of appellee, C. C. Clements. It may however be enforced against the small residence constructed by appellee, George Bennett, including the ground occupied by and separately devoted to it.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.