LEO ALSHEIMER, *Appellant*, vs. RUSSELL PALMER, LOUISE PALMER WILSON, MARY PALMER WILCOX, E. HY. PALMER, ADELINE H. PALMER, *Appellees.*

141 So. 121.

En Banc.

Opinion filed April 19, 1932.

*Stewart & Stewart* and *Philip E. Buck,* for Appellant;

*Edmond H. Palmer,* and *Scarlett, Jordan, Futch & Fielding,* for Appellees.

BUFORD, C. J.—This was a suit by a materialman to foreclose a lien acquired under provisions of sections 3517 and 3518 R. G. S., 5380 and 5381, C. G. L., the materialman being in privity with the owner.

The record shows that the last services by the materialman were furnished April 23, 1927; that he filed notice of lien which was recorded on the 12th day of July, 1927; that the suit was filed on July 7th, 1928.

A demurrer was sustained to the bill of complaint and the bill dismissed because the suit was not instituted within twelve months after labor and material were furnished by the materialman. The sole question involved here is whether or not under the provisions of section 3520 R. G. S., 5393 C. G. L., a materialman in privity with the owner who files and has recorded a materialman's lien as provided

by statute within three months after the last furnishing of labor or material, may bring his suit against the owner within twelve months after the filing and recording of the lien, or must he bring his suit within twelve months after the last furnishing of labor or material. In sustaining a demurrer and dismissing the bill the Circuit Court held that the suit under such condition could only be brought within twelve months after the last furnishing of labor or material. The same question was presented to this Court in the case of Padgett vs. Douglass, 99 Fla. 754, 127 Sou. 495. In that case the lower court had held that the claimant was entitled to file his suit against the owner at any time within twelve months after the notice of lien was filed. This Court by memorandum order, without opinion, affirmed the decree.

In the case of Booker & Co. vs. Leon H. Watson, Inc., 96 Fla. 671, 119 Sou. 104, and 123 Sou. 837; and Carter vs. Gearty, 90 Fla. 170, 105 Sou. 329, the question here involved was not presented, though in the case of Booker & Co. vs. Leon H. Watson, Inc., it was inferentially held that the suit could be brought within twelve months after the filing and recording of the lien, if lien was recorded. This inference may also be drawn from the opinion and judgment in the case of Carter vs. Gearty, supra.

The statute must control and it appears to us that the language of the statute is clear and unambiguous. The statute provides:

"When there has been no record of a notice of lien, suit to enforce lien (if it exists without such record) must be brought within twelve months from the performance of the work or the furnishing of the materials, and if there has been such record, the suit must be brought within twelve months from the time of such record."

Unless this statute does not mean what it appears to mean, that is that the suit may be brought by one in privity with the owner against the owner and all subse-

quent purchasers or creditors at any time within twelve months after the recording of the lien, if the lien be recorded within the statutory period, that latter provision of the statute could have no beneficial effects on the rights of the materialmen or laborer whatever. For the materialman or laborer to maintain his suit against a subsequent purchaser or creditor, he must be in position to maintain his suit against the owner. His lien is against the owner's property and against no other property. It is the property which he proceeds to subject to the lien and for a statute to confer upon one the right of action against a subsequent purchaser or creditor and at the same time deprive him of his right of action against the debtor and owner of the property upon which lien is claimed will be to confer upon him a naked right from which he could derive no benefit. The statute here under consideration is not strictly speaking a statute of limitation, but it is a statute creating a statutory lien and providing the period of time during which that lien will continue to exist. Without the record of notice as provided by statute the lien only exists as against those as to whom no notice is required for a period of twelve months from the date of the last furnishing of labor or material. But, if the lien is filed and recorded, as provided by statute, then the lien continues to exist as against the owner and subsequent purchasers and creditors for a period of twelve months after the recording of the lien within the statutory period of three months. American Mill and Lumber Co. vs. Clemmons, 134 So. 588.

For the reasons stated, the orders and decrees appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

Brown, J., dissents.

Brown, J., dissenting.—Section 5380 C. G. L. provides that as against the owner the lien shall be acquired by any person in privity with such owner by the performance of labor or the furnishing of material. The second paragraph of the same section provides that, as against purchasers and creditors of the owner without notice, the lien shall be acquired only from the time of the record in the office of the clerk of the Circuit Court of a notice of such lien, which notice must be filed within three months after the entire performance of the labor or the furnishing of the material. Section 5381 provides how a person not in privity with the owner may acquire a lien, but that section is not material here.

In commenting on the first paragraph of said section 5380, relating to the acquirement of liens by persons in privity with the owner by the performance of the labor or the furnishing of the material, it was said, in the opinion by Mr. JUSTICE TERRELL in Anderson Mill and Lumber Co. vs. Clements, 134 So. 588, that "Suits to enforce the lien must be brought within one year from the date the lien is acquired." In the next paragraph of the opinion, dealing with the acquisition of the lien as against purchasers and creditors of the owner without notice, it is said that the lien is acquired by recording the notice as prescribed by the statute, and that "suits to enforce such liens must be brought within twelve months from the date of recording said notice." Thus in both cases, the time in which to sue runs from the time the lien was acquired.

So, under these general statutes regarding mechanic's and materialmen's liens, the filing for record of notice of lien is not necessary to acquire or give validity to the lien as against the owner in favor of a person who has dealt directly with the owner, for in such cases, by the very language of the statute, the lien is acquired as against the

owner by persons in privity with him by the performance of the labor or the furnishing of the material. Why should there be any constructive notice to the owner in such case? He has dealt directly with the party, the labor or material has been furnished to him and he therefore already has had actual notice. Therefore, if no rights of third parties, that is, of creditors or purchasers, are involved in the case, as is the situation here presented, the filing of a notice of lien is not required by the statute for any purpose, either to create the lien, or to afford protection to the mechanic or material man as against the owner; hence the filing of it is useless and nugatory, and cannot have the effect of prolonging the time within which suit must be brought under section 5393 C. G. L. As the statute does not require the recording of notice of lien in such cases, and such recording is futile and unnecessary, this class of cases falls within the spirit and purpose of the first clause of section 5393, which provides that the suit to enforce lien "if it exists without such record" must be brought within twelve months from the performance of the work or the furnishing of the material, as in such cases it is plain that the lien "exists without such record," and whether it has been recorded or not is immaterial. If the mere filing of notice for record would prolong the time to sue for twelve months, a lienor could wait until just before one year run, and then file his notice, and thus secure nearly two years in which to sue.

The only reasonable object of requiring the filing of the notice for record under these statutes, is to give constructive notice to persons other than the owner who would not otherwise have such notice or be chargeable with it, and if, as in this case, there are no such third persons as against whom the mechanic or material man needed any protection, he could not prolong the time for filing suit against the owner by filing for record a notice not required by the

statute and not necessary for his protection as against purchasers and creditors. In such a case, it became his duty within the true meaning of section 5393, to bring his suit to enforce his lien within twelve months from the performance of the work or the furnishing of the material.

I am not unmindful of the very persuasive observation in the majority opinion that unless the construction placed upon the statute by the majority is given effect, the material man or laborer would not have twelve months from the recording of notice within which to maintain his suit, even as against a subsequent purchaser or creditor, for, in order to be in a position to maintain his suit against them, he must also be in a position to maintain his suit against the owner, his lien being against the owner's property. This argument, forcible as it appears, will not bear close analysis. The statute deals with two classes of cases. One class has to do with the foreclosures of liens as against the original owner only. The other class has to do with those cases where a subsequent creditor or purchaser is injected into the case, and the acquisition of rights by subsequent purchasers or creditors is due to the voluntary action or the necessities of the original owner; and where the original owner thus complicates the issue by bringing in such third parties, or where by the necessities of his situation such third parties acquire rights against him, the time for the bringing of suit against the owner, as well as such third parties, is enlarged by the statute to twelve months from the filing for record of the notice of lien, so as to give the mechanic and material man additional protection against a complication of the situation for which he was in nowise responsible. Where third parties are thus brought in, the right to effectually enforce the lien is dependent upon the record of the notice and the time within which it must be enforced runs from the filing of such notice; and if there has been a proper notice recorded within the statutory

three months, then in such case such lien remains enforceable, not only as against such third parties, but necessarily also as against the owner himself, for twelve months from the recording of such notice. Such is the provision of the statute.

In the case at bar the original owner did nothing to complicate the issue; no third parties were involved. The enforceability of the right did not depend upon the record of the notice, and, in the language of the statute, if the lien existed without record of notice, as it did here, suit should have been brought against the owner within twelve months from the time the lien was acquired by performance of the labor or furnishing the material. However, suit was not brought in this case until fourteen months and twelve days thereafter. There being no rights of third parties involved in this case, such as creditors or purchasers, the recording of the notice was superfluous and innocuous. If, however, there had been creditors or purchasers, then the right of action as against them would have depended upon the recording of a proper notice of the lien, and this right of action would have subsisted against all necessary parties, including the owner, for twelve months from the proper recording of such notice, as expressly provided by statute. The statute does not contemplate that the lien should run out as against the original owner and the action be barred as to him while existing as to third parties, because where the issue is complicated by the injection of such third parties, so that the recording of a notice of lien is required and the enforcement of the lien is dependent upon such record of notice, the statute clearly gives twelve months from the time of the record of such notice of lien, provided it is filed within the statutory period.

These conclusions are not in conflict with our previous decisions, as I understand them, and are in harmony with the quotations above given from the opinion in the recent

case of Anderson Mill & Lumber Co. v. Clements.

I am therefore of the opinion that the order of the court below sustaining the demurrer and dismissing the bill should be affirmed.