The general rule is that the person alleging that a contract, deed or gift was procured through the exercise of undue influence has the burden of proving that fact. But there is an exception to that general rule, to the effect that where the evidence clearly shows the existence of confidential or fiduciary relations between the parties, the burden of proof shifts, and it then becomes incumbent upon the party who procures the contract or who receives the deed or gift, to show affirmatively that the transaction was entered into fairly, openly, voluntarily, and with full understanding of the facts. See Black on Rescission of Contracts, Section 253, and 12 R. C. L., 972, both of which authorities are cited in Rich v. Hallman, 106 Fla. 348, 143 So. 292. As was said in 12 R. C. L. 972, "Where a confidential relation existed between the donor and the donee at the time of the gift, it is generally considered to be presumptively void, and the burden of proof is on the donee to show the absolute fairness and validity of the gift, and *Page 741 
that it is free from the taint of undue influence, and this rule is the same at law as in equity."
Thus the burden of proof as to the bona fides and fairness of a transaction of this nature does not shift until the party alleging its invalidity has first shown the existence of confidential or fiduciary relations, or that there had been brought to bear upon the donor a dominant and controlling influence in behalf of the donee. The exception above noted to the general rule was dealt with very ably and clearly in Rich v. Hallman, supra, and in Peacock v. DuBois, 90 Fla. 172, 105 So. 32, and its application formed the basis of those decisions, which are quite familiar to the bench and bar of this State. The opinions in both these cases were written by the present Chief justice. Thus in Rich v. Hallman, supra, it was said:
"In view of the age and infirmity of the donor, the confidential relation existing between the donor and the donee, the influence shown to have been exerted over the donor by the friends of the donee and by the donee herself and in view of other facts and circumstances peculiar to this case, we feel impelled to hold that the duty was on the donee to show that the assignment of the note and mortgage brough in question was bona fide and that it was not secured by undue influence, deceit or other improper means."
As I understand the able opinion rendered by Judge Adams in connection with his decree in this case, he did consider this question of undue influence and reached the conclusion that the evidence did not show undue influence, and that the only serious or meritorious question presented by the pleadings and the evidence was the question of the mental capacity of Frank Adams. In the beginning of *Page 742 
his opinion, he states that the bill of complaint alleged that at the time Frank Adams joined in the execution of the deed he was mentally incompetent and was subjected to undue influence, and that because of his helpless mental condition he was caused to yield to the force of such undue influence. His review of the testimony also indicates that he considered this question of undue influence. He quoted the definition of what constitutes undue influence as given in the case of In re
Starr's Estate, 125 Fla. 536, 544; 170 So. 620, 630; which was itself a quotation from Peacock v. Du Bois. supra, most of which was set forth in the opinion of Mr. Justice THOMAS on the original hearing.
Judge Adams also dealt with the question of the alleged influence of Mrs. Frank Adams upon her husband in business matters, and held that the testimony of Mr. Walton "dissipated that charge." He also discussed the attitude of the children of Mr. Adams, other than Mr. L.S. Adams, who filed the bill as next friend and against whom no charges of undue influence were made), and the attitude of the Saunders children; also, that of W.H. Walton and Clarence Smith, sons-in-law of Frank Adams, and acquits them of anv charge of bad faith or of trying to take advantage of Mr. Adams.
The opinion of the chancellor shows that after taking testimony for thirty days and listening to the arguments of able counsel, he had made a careful study of the evidence in the light of the authorities bearing on the case, and his final and conscientious conclusion that "Frank Adams was mentally competent at the time he executed the conveyance in question here, and thoroughly understood what he was doing, and that he did it in pursuance of his own volition and decision," shows in my opinion, that he considered and adjudicated both the mental capacity of Frank Adams and *Page 743 
his freedom from undue influence, and as stated in our original opinion, there was ample evidence to sustain his conclusions.
As I see it, our previous opinion and decisions affirming the final decree should be adhered to, and the petition for rehearing should be denied.
TERRELL, C. J., and WHITFIELD and THOMAS, J. J., concur.
BUFORD, J., dissents.
CHAPMAN, J., disqualified.