**ARRIE R. YOUNG v. ROBERT W. YOUNG, SR.**

12 So. (2nd) 885                                      January Term, 1943
April 6, 1943                                                  Division B

Lawrence Rogers and G. P. Garrett, for appellant.

H. E. Oxford and J. Lewis Hall, for appellee.

THOMAS, J.:

By a decree which is now challenged the appellee was awarded a divorce from the appellant on the ground of desertion.

Three elements of abandonment must be established by the evidence to warrant a divorce under our statute, paragraph 7, Section 4983, C. G. L., 1927, Section 65.04, Florida Statutes, 1941, that is, wilfulness, obstinateness and continuedness "for one year."

One of the principal points in dispute here is the sufficiency of the testimony to show that the desertion charged by the appellee in the lower court lasted uninterruptedly for the requisite period and to determine it we will assume, solely for the purpose, that the other two conditions were proven.

Inasmuch as a decision of the question calls for a computation of the time which elapsed between the desertion charged and the filing of the bill of complaint, exclusive of certain intermediate litigation, we will first give a chronology of events occurring in that period. The bill of complaint was filed on September 23, 1940, averring that the appellant left the appellee on March 28, 1939. It is shown in the record that meanwhile, on April 14, 1939, appellee entered suit against appellant charging extreme cruelty and this suit terminated in a decree, October 11, 1939, dismissing his bill of complaint.

The unit of time prescribed in the statute is "one year," but in our calculation, because of the interruption of the unsuccessful suit, it will be necessary to adopt the unit of one day and determine whether there was a desertion for a period of 366 days, the month of February, 1940, falling in that part of the whole period exclusive of the period when the intermediate suit was pending, having contained twenty-nine days. The intervening litigation pended 181 days from April 14, 1939, when the bill was filed, to and including October 11, 1939, when it was dismissed. It becomes necessary to reckon the entire time which lapsed from the date of the desertion charged to the day the bill of complaint was filed and then

subtract from that number 181 days to determine whether the requisite 366 days remained.

Some difficulty has been experienced in our attempt to reconcile the decisions of various courts on the subject but it is not necessary for us to pursue the matter and attempt to distinguish between these rulings because in an opinion of this court, Scarlett v. Frederick, 147 Fla. 407, 3 So. (2nd) 165, construing Chapter 14554, Laws of Florida, Acts of 1929, Section 4218 (1) Perm. Supp. C.G.L., Section 45.19, Florida Statutes, 1941, we were committed to a method for the measurement of time which we think is applicable to the present problem. That statute provided: "All actions . . . in which there shall not affirmatively appear from some action taken by the filing of pleadings . . . or otherwise, that the same is being prosecuted, *for* a period of *three years,* shall be deemed abated . . ." (Italics supplied). It was intended by the act that if a condition of dormancy should last throughout three years then the suit could be dismissed. The facts were that some step was taken in the case on April 1, 1935, but that nothing thereafter occurred until April 1, 1938, when the defendant moved to dismiss for lack of prosecution and the plaintiff served notice that all undetermined pleadings would be heard on a certain date. The question thereupon arose whether the three years inactivity had matured on March 31st, or would mature on April 1st, the day of plaintiff's notice. The court held that the notice of the plaintiff interrupted the period which otherwise would have expired at midnight of the latter date. Thus, the court recognized the rule that in computing the time *for which* a condition shall exist before a person may take advantage of it the first day is excluded and the last day included. The practical effect is, however, that the period must actually intervene between the day of the act charged and the day that the advantage may be taken because the period does not mature until midnight of the last day.

It was said in the cited case that the condition which had been in existence one day on April 2, 1935, would not have continued for three years until midnight of April 1, 1938, and could be interrupted the latter day. Thus the requisite

two years of 365 days each and one year of 366 days had not intervened between the day the last action was taken and the date on which the defendant attempted to have the case dismissed because of inactivity.

Applying that rule to this case but 544 days elapsed between the act of desertion and the filing of the bill of complaint charging it. The remainder, after deducting 181 days that the intermediate litigation pended, is 363, therefore, the bill lodged September 23, 1940, was premature by three days and the decree is reversed with instructions to dismiss the cause.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.