CHARLES HERMAN LIGHT and EVELYN JENNINGS v. B. A. MEGINNISS,· as ·County Judge of Leon County, Florida.

22 So. (2nd) 455                                    January Term, 1945
June 7, 1945                                          En Banc

*Weldon G. Starry,* for petitioners.

*B. A. Meginniss,* for respondent.

BUFORD, J.:

This is an original proceeding in mandamus in which we assume original jurisdiction because of the great public interest in the determination of the question involved which is the validity of Chapter 22643, Acts of 1945, which is as follows:

"An Act Amending Section 741.04 of Florida Statutes, 1941, Said Section Dealing with the Matter of the Issuance of Marriage Licenses in the State of Florida. Be It Enacted By the Legislature of the State of Florida:

"Section 1. That Section 741.04 of Florida Statutes, 1941, be and the same is hereby amended so as to read as follows:

"741.04. Marriage License Issued. No County Judge in this State shall issue a license for. the marriage of any person unless there shall be first presented and filed with him an affidavit in writing, signed by both parties to the marriage, made and subscribed before some person authorized by. law to administer an oath, reciting the true and correct ages of such parties, and unless both such parties shall be over age of twenty-one years; provided, that if either of such parties shall be under the age of twenty-one years, such

county judge shall not issue a license for the marriage of such party unless there shall be first presented and filed with him the written consent of the parents or guardian of such minor to such marriage, acknowledged before some officer authorized by law to take acknowledgments and administer oaths; provided, this Section shall not apply in any case where both parents of such minor shall be deceased at the time of making application for such marriage license; but no minor who has been before married shall be required to produce evidence of consent of parents or guardian as aforesaid; and provided further, no marriage license shall be issued by any county judge in this State until after the expiration of three days from the date application is made to a county judge by the parties seeking to be married for the issuance of a marriage license, and it shall be the duty of the county judge to post a true copy of said application at the front door of the court house in the county where said application was made for a period of three days prior to the issuance of said marriage license.

"Section 2. That all laws or parts of laws in conflict herewith be and the same are hereby repealed.

"Section 3. That this Act shall become effective immediately upon its passage and approval by the Governar, or upon becoming a law without such approval."

The amendatory part of the Act was in addition to original Section 741.04, Statutes of 1941, of the following language:

"and provided further, no marriage license shall be issued by any county judge in this State until after the expiration of three days from the date application is made to a county judge by the parties seeking to be married for the issuance of a marriage license, and it shall be the duty of the county judge to post a true copy of said application at the front door of the court house in the county where said application was made for a period of three days prior to the issuance of said marriage license."

The petitioners applied to the county judge for a license to marry. The county judge declined to issue the license because of the statutory provisions, supra. Thereupon peti-

tioners instituted mandamus proceedings to require the county judge to issue the license without compliance with the amendatory provision of the state, supra.

While it is not contended here that the amendatory provision is beyond the legislative power, it is not improper for us to say that "marriage, being of vital public interest, is subject to the State and to legislative power and control *with respect to its inception, duration and status, conditions and termination;* except as restricted by constitutional provisions." See 35 Am. Jurisprudence p. 186, Sec. 10, and cases there cited which amply support the text. Also see Woods v. Adams, 35 N. H. 32.

The assault here made on the statute is contemplated by the two questions propounded by the petitioners, which are as follows:

"First Question. Is the title to Chapter 22643, Laws of 1945, known as Senate Bill No. 5, sufficiently broad to cover the subject matter contained in the act and to apprise the people of the State of Florida or the Legislature that the purpose of the act is to create a three day waiting period before the issuance by respondent of a marriage license after proper application has been made?"

"Second Question: Is Chapter 22643, Laws of 1945, a constitutional enactment of the Legislature of the State of Florida in view of Section 16, Article III, of the Constitution of the State of Florida?"

As hereinbefore appears, the title of the Act is as follows:

"An Act amending Section 741.04 of Florida Statutes, 1941, Said Section Dealing with the Matter of the Issuance of Marriage Licenses in the State of Florida."

This title is sufficient to comply with the requirements of Section 16, Article III of the Constitution of the State of Florida in this, that it is sufficient to put all persons on notice that the statute dealing with the matter of the issuance of marriage licenses in the State of Florida is being thereby amended and the amendment embraced in the Act is directly connected with and constituted properly a part of the subject matter as disclosed by the title.

In the case of State ex rel. Bonsteel v. Allen, 83 Fla. 241, 91 So. 104, 26 A.L.R. 725, we held:

"Where the title of an Act amendatory of the Revised General Statutes, gives the numbers of the sections of the law designed to be amended, and also briefly expresses the general subject embraced in such sections, if they have a common connection with the general subject, it is sufficient notice to the Legislature and to the public, as reasonably to lead to an inquiry into the body of the bill to ascertain what changes are proposed in the existing law, and anything germane to the general subject expressed in the title may be included in the Act."

And, in the case of McLin, et al., v. Florida Automobile Owners' Protective Association, Inc., et al., 105 Fla. 169, 141 So. 147, where the title to the Act under assault was as follows:

"An Act to Amend Sections 1007, 1010, 1011 and 1031, Revised General Statutes of Florida Relating to the Operation, Licensing and Taxing of Motor Vehicles, Trailers, Semi-Trailers, and Motorcycles, Sidecars, As Amended By Chapter 8410, Acts of 1921, Laws of 1921, Laws of Florida, and As Amended by Chapter 10182 Acts of 1925, Laws of Florida, and As Amended by Chapter 12096 Acts of 1927, Laws of Florida, Relating to the Subject of Operation of Motor Vehicles, Trailers, Semi-Trailers, Motorcycles, Sidecars and Taxation of Same, and to Repeal Section 1015 Revised General Statutes of Florida As Amended By Chapter 8410, Acts of 1921, Relating to the Subject Aforesaid, the Purpose of This Act Being to Revise and Amend the Following Sections of the Revised General Statutes of Florida Which Constitute Sections 1281, 1284, 1285 and 1304 of the Compiled General Laws of Florida, 1927, and to Repeal Section 1289 of the Same: and for Other Purposes in Relation to Motor Vehicles and Registration Thereof.", we held:

"On authority of the case just cited, which is supported by a long line of others of like import, the title to Chapter 15625, Acts of 1931, must be held sufficient under Section 16 of Article III of the Constitution, to support the validity of Section 2 of Chapter 15625, which is merely an amendment

of Section 1010, Revised General Statutes, 1920 (1284 C.G.L.) the fact of which amendment is covered in the title in terms. See also Gray, Secretary of State v. Central Florida Lumber Co., decided March 15, 1932, at the present term, and cases cited."

This holding is not contrary to our previous holdings in the cases of City of Winter Haven v. A. M. Klemm & Son, 132 Fla. 334, 181 So. 153; Jerome H. Shiep & Co. v. Amos, 100 Fla. 863, 130 So. 699; Commercial Fishermen's Association v. Christensen, 151 Fla. 454, 10 So. (2nd) 322; Spencer v. Hunt, 109 Fla. 248, 147 So. 282 Smith v. Chase, 91 Fla. 1044, 109 So. 24, or McCord v. Conner, 132 Fla. 56, 180 So. 519.

On authority of the cases above cited and for the reasons hereinabove stated, the return of the respondent is held sufficient. The motion for peremptory writ of mandamus, the answer or return of the respondent to the contrary notwithstanding, is denied. The alternative writ is quashed and the petition is dismissed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., dissents.

BROWN, J., concurring:

The court is fully conscious of our Rule 30, paragraph (d), and has no intention to depart from it in this case. We are dealing here with a question of state-wide importance. In one of our State courts of original jurisdiction, the Act here in question has been held invalid. It is highly important to the whole state that the question here involved be settled as promptly as possible. Furthermore, the rule referred to permits this Court to entertain original petitions for mandamus against state officers or functionaries, "or some other agency, authorized to represent the public generally." When it comes to issuing marriage licenses, a county judge of any county in the State represents the public generally. He is not confined to the issuance of such licenses to citizens or

residents of his own particular county. So I do not think our acceptance of jurisdiction here violates the letter or spirit of the law,

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.

THOMAS, J., dissenting:

I dissent in this case because the court has assumed jurisdiction of the cause squarely in the teeth of its own rule, Rule 30(d), providing simply that "original petitions in mandamus will not be entertained by this Court unless a state officer, state board, state functionary, or some other agency authorized to represent the public generally is named as respondent," which has been invoked time and time again when attorneys have sought writs of mandamus against respondents not falling in any of the above categories. I am not conscious of any reason why it should not be observed here.