W. F. BLANTON, as Judge of the County Judge's Court, et al., v. STATE OF FLORIDA, ex rel. GLORIA MILLER, et al.

24 So. (2nd) 232                                June Term, 1945
December 18, 1945                                      En Banc

*J. Tom Watson,* Attorney General, *Sumter Leitner,* Assistant Attorney General, for appellants.

*Jeptha P. Marchant,* for appellees.

THOMAS, J.:

The appellees secured from the circuit judge a peremptory writ of mandamus commanding the appellants, 23 June 1945, to issue them a marriage license for which they applied 20 June 1945. The sole question is, under these simple facts, whether there was a duty to grant the license before midnight 23 June 1945, and it must be decided on an interpretation of a provision of Chapter 22643, Laws of Florida, Acts of 1945, which we now quote: " . . . no marriage license shall be issued . . . *until after the expiration of three days from the date* application is made to a County Judge . . . and it shall be the duty of the County Judge to post a true copy of said application . . . *for a period of three days* prior to the issuance of said marriage license." (Italics supplied.)

We are committed to the rule that in computing duration of time—that is, the period *for which* a condition shall exist, the first day is excluded; so, applying it here, 20 June should not be taken into account. The 21st was the first day, and at midnight one day had expired; at midnight the 22nd two days had expired; and at midnight the 23rd the third day terminated.

The use of the prepositions "until" and "after" in connection with the phrase "the expiration of three days from the date" of application clearly means to us that time was to be counted *from* the day of the application—that is, from midnight of that date, and that then the first, second, and third days should be counted and should expire before the issuance of the license. This view is emphasized by the requirement that for a like period a copy of the application should be posted.

The unit of time selected by the legislature was the day, not the hour; so the law would not be satisfied by issuing the

license after the passing of 72 hours, although in some circumstances one day is considered as 24 consecutive hours.

What we have written harmonizes with our opinions in Scarlett v. Frederick, 147 Fla. 407, 3 So. (2nd) 165, and Young v. Young, 152 Fla. 712, 12 So. (2nd) 885. As we said in the latter, in computing the time *for* which a situation must exist or beyond which an act may or must be performed the first day is excluded, and in excluding it the practical effect is the same as if the given number of days were required to intervene. We are not alone in this view. The Supreme Court of Texas in Halbert et al. v. San Saba Springs Land & Live-Stock Association, 89 Tex. 230, 34 S.W. 639, construed a provision of the state constitution that no law should be effective "until 90 days after the adjournment" of the legislature. It was held that the first and last days would be disregarded in computing the time, "that is, 90 full days must expire between the adjournment . . . and the taking effect of the law." Incidentally, this decision is cited by the authors of American Jurisprudence (52 Am. Jur., Time, page 343) as authority for the statement that "where it is provided that a certain result shall not accrue *until after the expiration* of a given number of days from a stated date, then both the first and last days must be excluded, so that the full number of days will be allowed." It will be noted that the words we have italicized are identical with those appearing in the act under study.

In fine, if application is made for a license any time before midnight on 20 June it may issue at any time after midnight of 23 June. Inasmuch as the peremptory writ here commanded the issuance during, but before the expiration of, the latter day, the judgment must be and it is—

Reversed.

BUFORD, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., TERRELL and BROWN, JJ., dissent.

CHAPMAN, C. J., dissenting:

Propounded for adjudication in this mandamus proceeding is a question of statutory construction or the adoption of a suitable yardstick for the measurement of the three days' period required to exist between the date of application for

and the issuance of a marriage license by a County Judge when functioning under the terms and provisions of Chapter 22642, Acts of 1945, Laws of Florida. This Act was construed by or was before the Court in the case of Light v. Meginniss, 156 Fla. 61, 22 So. (2nd) 455.

Section 1 of the Act *supra* provides that no County Judge in this State shall issue a license for marriage of any person unless there shall be first presented and filed with him an affidavit in writing, signed by both parties to the marriage, made and subscribed before some person authorized by law to administer an oath, reciting the true and correct ages of such parties, and unless such parties shall be over the age of twenty-one years . . . and provided further that no marriage license shall be issued by any County Judge in this State until after the expiration of three days from the date application is made to a County Judge by the parties seeking to be married for the issuance of a marriage license, and it shall be the duty of the County Judge to post a true copy of said application at the front door of the court house in the county where said application was made for a period of three days prior to the issuance of said marriage license.

The institution of marriage is generally recognized as the foundation of our civilization since the earliest recorded history. Our homes and family ties rest upon the union. In a general sense the family is considered as the first unit of government. It promotes the public interest and general welfare to prevent ill considered and unwise marriages, such as when measured by the common experiences of mankind cannot reasonably be expected to become successful. The Act before us for interpretation intended to prevent such marriages by requiring *three* days to intervene from "the date of application" for a marriage license . . . "and the issuance" thereof by the County Judge.

In the case of Anderson Mill & Lbr. Co. v. Clements, 101 Fla. 523, 134 So. 588, suit was brought under Section 3530, R. G. S. 1920, to enforce a lien, and the Statute provided that the suit must be brought within twelve months from the performance of the work or the furnishing of the materials, or the recording of the notice of lien. The lien was filed and

recorded as required by statute on July 20, 1927. On July 20, 1928, suit to enforce the payment of the lien was filed. The point was made and argued that the suit was not filed within the twelve months' period as required by the statute *supra*. We sustained the suit and held that the rule of computing time was to exclude the first day of the twelve months' period and include the last day. See Nash v. Vaughn, 133 Fla. 499, 182 So. 827; Jacksonville Land Holding Co. v. The American Oil Co., 136 Fla. 491, 188 So. 809; Croissant v. DeSoto Imp. Co., 87 Fla. 530, 101 So. 37; Mayakka co. v. Edwards, 68 Fla. 372, 67 So. 217.

An examination of the applicable authorities from other jurisdictions discloses some two or three recognized rules that can or may be applied to the three-day period appearing in our Statute. One of the rules is referred to and discussed as the "hour rule" and if adopted would authorize the issuance of the marriage license by the County Judge seventy-two hours after application therefor. A second rule or method of computation in measuring the three-day period is to include the first day in the count and exclude the last. The third rule, which has been adopted and applied by this Court in many of our decisions, is to exclude in the count the first day and include the third day. We hold that this rule is determinative of this controversy.

The Act requires or directs the County Judge, when an application for a marriage license is presented, to post or cause to be posted at the front door of the court house a true copy of the application for a marriage license and that posting in conformity with the statute be made immediately after it is filed with him. If the statute is fully complied with, the marriage license may then lawfully issue after the expiration of the statutory period of three days.

It will be observed that if a marriage license is applied for —say on Thursday of a given week—under the rule as promulgated herein the applicant may lawfully be entitled to receive the same of the County Judge on the following Sunday. Our examination of the briefs filed in the case at bar fail to disclose the citation of the statute or law making it the official duty of a County Judge to keep his office open on

Sunday for the accommodation of those who may have applied for a marriage license or to issue a marriage license in the event he should be in his office on said Sunday. I am not convinced that the mere issuance of a marriage license on Sunday by a County Judge would be an unlawful act.

I think the order of the lower court should be—

Affirmed.

BROWN, J., concurs.