HERSEY, Judge.
At issue in this appeal is the appropriate interpretation to be placed upon the sentence: “No tax deed sale shall be held until 30 days after the first publication of the notice” contained in Section 197.246(1), Florida Statutes (1981). We determine that all other issues either are without merit or are rendered moot by our resolution of this issue.
Because real estate taxes were not paid for the years 1975, 1976 and 1977 on real property owned by appellee, Plus Three, Inc., tax certificates were issued and ultimately a foreclosure by tax deed proceeding was commenced. Notice of tax sale was published on September 6, 13, 20 and 27, 1978, and the tax sale was held on October 6, 1978. Appellant purchased the property at the tax sale and brought suit to quiet title. The trial court voided the tax deed on the basis that the statutory notice was inadequate. The court found that “the tax sale was held less than thirty days after the first publication of the notice of sale in violation of” the statute.
As in all these cases involving the computation of periods of time, the question is whether or not to count the first and last (or terminal) days or either of them. The answer lies in the particular language used to measure the period: in our case “until 30 days after.” We find no precedent dealing with this specific language. The general rule is said to be that expressions dealing with time are interpreted to include the terminal day and to exclude the first day. (Application of that rule here would render notice sufficient and require reversal.) This rule has been applied where the formula is expressed: “until ten days before” a known future date. Annot., 98 A.L.R.2d 1331, 1371 (1964). Where posting was required “for not less than four weeks” before the sale the general rule was applied in Pelton v. Muntzing, 24 Colo.App. 1, 131 P. 281 (1913). Service of a citation which was required to be served “at least twenty-five days previous to the first day of the term” was adequate when measured according to the general rule in Crawford v. Feder, 27 Fla. 523, 8 So. 642 (1891). See also Annot. 98 A.L.R.2d 1331, 1343 (1964).
Appellees, Saarinen, bring to our attention a case in which both first and terminal days are excluded from the computation. In Blanton v. State ex rel. Miller, 156 Fla. 694, 24 So.2d 232 (1945), the statute provided that “no marriage license shall be issued ... until after the expiration of three days from the date [of] application.” Clearly the language indicates an intention to count only “full” days as it specifies “after the expiration of three days ....” No such intention is manifested by the statute under consideration here.
It is a well established rule that statutory language should be accorded its common everyday meaning. The phrase to be interpreted “until 30 days after ... publication” contains a condition subsequent. Once the condition is fulfilled the act (sale) is permissible. The statute does not say a sale is prohibited until after 30 days after publication nor does it otherwise specify that only “full” or “clear” days count. Thus, the most reasonable interpretation of the statute is “until the thirtieth day after publication”; that is, the first day of publication is excluded and the day of the sale is included. The condition subsequent to a valid sale is thirty days after the first publication. If the first publication is September 6, and thirty days after September 6 is October 6, then the sale could validly be held on October 6. Since this interpretation also accords with the general rule and analogous precedents we apply it here and *340 reverse the judgment of the trial court which found the notice of sale in violation of Section 197.246(1), Florida Statutes. The order on costs also appealed, of necessity, falls with the judgment.
REVERSED AND REMANDED.
LETTS and BERANEK, JJ., concur.
BY ORDER OF THE COURT:
We grant Appellee, Allen C. Clark and Appellee, John B. Dunkle’s Motions for Clarification and confirm that our opinion was intended as an affirmance of that portion of the final judgment pertaining to these appellees. In all other respects we deny rehearing and clarification.
We deny the Motion for Rehearing and Clarification filed by Plus Three, Inc.