MRS. MELL BARNETT, *et ux.,* and PATRICK JOHNSON, sometimes known as PAT JOHNSON, v. THE OZARK CORPORATION, a Delaware corporation.

180 So. 376.
Opinion Filed March 29, 1938.
Rehearing Denied April 23, 1938.

832

*George P. Garrett,* for Plaintiffs in Error;
*Akerman & Dial,* for Defendant in Error.

PER CURIAM.—In an action of ejectment the defendant in possession of the land claimed title as against the plaintiff whose title is a tax deed.

It appears that the defendant at a tax sale purchased a State tax certificate issued for the nonpayment of taxes of 1933 on described land, and in 1935 likewise purchased a tax sale certificate for the unpaid taxes of 1934. When the 1934 certificate was purchased the holder was entitled to a tax deed in 1936 after two years from the date of the 1934 certificate, under Sections 1000, *et seq.,* C. G. L. Chapter 17457, Acts of 1935, provided a different method of obtaining a tax deed on tax sale certificates.

The defendant owner of the two tax sale certificates surrendered them to the Clerk of the Circuit Court and orally applied for the issuance of a tax deed "without specifying the manner in which, or law under which, it issued."

Thereupon the Clerk proceeded under Chapter 17457, Acts of 1935, to advertise said property to be for sale on September 7, 1936. On September 2, 1936, the defendant received a valid conveyance of the fee simple title to the property from the fee simple title owner of the land. The deed of conveyance was recorded September 8, 1936. Defendant did not notify the Clerk to withdraw the notice of sale, if she knew of it, and did not appear at the sale of the land under Chapter 17457, Acts of 1935.

At the sale the plaintiff in this action bid off the land for an amount in excess of the total amount required to pay all taxes, penalties and costs. A tax deed was issued to plaintiff September 7, 1936, and the deed was recorded September 7, 1936, and the deed was recorded September 9, 1936.

The Clerk of the Circuit Court was the agent of the State for issuing the tax deed, and he is held to know that the holder of a tax certificate is entitled to a tax deed, pursuant to the law in force when the tax sale certificate was purchased, which law in this case was Sections 1000, *et seq.*, C. G. L., at least when the Clerk was not instructed to the contrary by the certificate holder. The Clerk, however, issued a tax deed pursuant to Chapter 17457, Acts of 1935, which required a sale of the lands upon competitive bidding. Although the defendant was presumed to know she was entitled to have a tax deed executed to her (if the land was not redeemed) pursuant to the law in force when the certificate was purchased in 1934, even though the certificate became two years old after the Act of 1935 became effective.

When the land was sold to the plaintiff as a bidder at the sale, September 7, 1936, the defendant had on September 2, 1936, become the fee simple owner of the land, and the issuance of a tax deed to her was not necessary, since

she had the title and owned the certificates. As Section 1000, *et seq.*, C. G. L., and not Chapter 17457, Acts of 1935, were applicable, the Clerk was not authorized of his own accord to execute a tax deed to any one· except to the defendant as the owner of the tax sale certificates who also was the fee simple owner of the land with the right to redeem. A tax deed if issued should have been governed by Sections 1000, *et seq.*, C. G. L., and not by Chapter 17457.

There are no facts shown to operate as an estoppel of the defendant to claim title to the land under the deed of conveyance to her and her ownership of the tax sale certificates covering the land, which land was improperly sold to the plaintiff as a bidder at a sale under Chapter 17457, when a tax deed on the certificates should have been issued, if to any one, to the defendant as the owner of the tax certificates with the right to redeem the land as its fee simple owner, under Sections 1000, *et seq.*, C. G. L.

The judgment for the plaintiff below is reversed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.