HOWARD JERNIGAN v. W. W. HARRISON.

186 So. 511.
Division B.
Opinion Filed February 10, 1939.

*Yonge, Beggs & Carter,* for Plaintiff in Error;

*J. McHenry Jones,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error to a final judgment, in ejectment on behalf of the plaintiff below made and entered in the Circuit Court of Santa Rosa County, Florida. The plaintiff below filed with his declaration a bill of particulars as required by Rule No. 85, Common Law Rules adopted October, 1936, which shows a deraignment of title from the United States of America to the plaintiff below, W. W. Harrison, to the land described in the declaration.

The defendant likewise filed a bill of particulars showing that he claimed title to the land in litigation under a tax deed issued by the Clerk of the Circuit Court of Santa Rosa County, on the 6th day of October, 1936, and recorded in Deed Book A-46, page 507, Public Records of Santa Rosa County, Florida. The tax deed is based on Tax Certificate No. 522 issuing to the State of Florida on July 2, 1934, for the non payment of 1933 taxes. The plaintiff below purchased the aforesaid Certificate on September 4, 1936, and on September 10, 1936, made application to the Clerk of the Circuit Court for a tax deed.

Application was made, as shown by the record, under Chapter 17457, Laws of Florida, Acts of 1935. Notice of the application for a tax deed was published September 10th, 17th, 24th, October 1st. ad October 8th, 1936, as required by Section 2 of Chapter 17457, *supra.* The Clerk of the Circuit Court, in conformity with Section 4 of Chapter 17457, *supra,* sent notice to D. M. Hanson, care Clyde V. Colvee, Suite 1313, 105 West Monroe Street, Chicago, Illinois, as the reputed owner of the property.

The parties waived a jury and the case was tried by one, of the Circuit Judges and at the conclusion of all the evidence, the court entered a verdict and final judgment for

the plaintiff below, and the same on appeal here is assigned as, error.

The lower court held the tax deed void *ab initio*. The tax deed is based upon tax Certificate No. 522, issued to the State of Florida under date of July 2, 1934, for taxes due for the year 1933. The plaintiff in error, Howard Jernigan, purchased the tax certificate on September 4, 1936, and application for a tax deed was made under Chapter 17457, Acts of 1935.

It is not disputed on this record that the plaintiff in error, Howard Jernigan, purchased or acquired tax certificate No. 522 on September 4, 1936, and the law controlling the issuance of tax deeds on said date should control. See Barnett v. Ozark Corporation, 131 Fla. 831, 180 So. 377; Leland v. Andrews, 129 Fla. 429, 176 So. 418; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 So. 938; Clark v. Cochran, 79 Fla. 788, 85 So. 250. We therefore hold that Chapter 17457, Acts of 1935, Laws of Florida, governs the case at bar in the application for a tax deed.

During the progress of the trial of the case, counsel for the defendant below offered into evidence the tax deed acquired on Tax Certificate No. 522 under Chapter 17457, *supra,* when counsel for plaintiff objected to its introduction on the grounds, among many others, viz.:

That said Tax Deed is void and of no force and effect if issued under Chapter 17457 of the Laws of 1935 for the following reasons:

"(1) The Clerk of the Circuit Court did not mail a copy of such notice to the owner of the property or execute a certificate that the owner's address was unknown.

"(2) That the Clerk did not execute the required certificate as to mailing notice.

"(3) That the Clerk of the Circuit Court did not make diligent search and inquiry to ascertain the address of the owner:

"(4) That Sigvart Rasmussen conveyed the property by deed to Wm. B. Steuer; that said deed of conveyance was forwarded to the Clerk of the Circuit Court in April, 1936, by Harry Steuer. In the communication transmitting said deed the address of Harry Steuer was given as 3519 Normandy Road, Shaker Heights, Ohio. That said communication was acknowledged by the Clerk of the Circuit Court on April 4, 1936, by a letter addressed to the said Harry Steuer at the address given above. A statement for services for recording the Warranty Deed was forwarded to said person at said address and on April 20, 1936, the same was receipted by the Clerk of the Circuit Court and returned to Harry Steuer. The Clerk of the Circuit Court knew, or should have known, that the said Harry Steuer was acting as agent for the said Wm. B. Steuer and that Harry Steuer could advise the said Clerk of the whereabouts and residence of Wm. B. Steuer, the owner of said property. The Cerk of the Circuit Court had constructive notice of the deed so recorded; that the Clerk of the Circuit Court did not make any effort to ascertain the address of the said Wm. B. Steuer but mailed said notice of application of the tax deed to some person by the name of Hansen who had previously paid taxes upon said property.

"That the purchaser of the Tax Certificate and Tax Deed (the Defendant) did not desire for the owner to receive notice of his application and did not procure additional notice as provided by Section 5 of Chapter 17457 of the Laws of 1935, although the Defendant well knew that a real estate agent in the City of Pensacola had advertised said property for sale and well knew that he could ascertain from said real estate agent the true owner of said property.

"(5) That the Proof of Publication of the notice required by Section 2 of Chapter 17457 of the Laws of 1935 was not filed with the Clerk of the Circuit Court on or before the day fixed for the sale. That the property was sold and the Tax Deed was issued and recorded prior to the filing with the Clerk of the Proof of Publication.

"(6) WHEREFORE, the Plaintiff says that the instrument objected to should be determined to be void and of no force and effect, and an Order should be made by the Court declaring said deed to be void."

Counsel for the respective parties waived a jury trial and the court heard and decided all questions of fact. The court below sustained the objections *supra,* and granted a motion for a directed verdict and judgment. The objections were sustained on some of the above grounds and some of the objections overruled and denied. The motion for a directed verdict is based upon findings of fact offered at the trial and upon questions of law controlling these facts.

Section 4358 C. G. L. authorizes litigants in an action at law, upon agreement, to try a case without a jury and the judgment shall be as effectual as upon verdict. See Schnarr & Co. v. Virginia-Carolina Chemical Corp., 118 Fla. 258, 159 So. 39. The transcript shows that the trial court sustained the objections of the plaintiff below on grounds 1, and sub-paragraphs 4, and 6; and overruled as to grounds 2, 3, 4 and 5. These questions of fact settled by the court below, in consideration of the case at bar, are entitled to the same weight as a verdict of a jury. It is held that the essential requirements in obtaining a tax deed under Chapter 17457, *supra,* had not been complied with and that the deed was void. The law requires a copy of the notice of the application for a tax deed to be mailed to the owner's address, and the requirements of Section 4, Chapter 17457, *supra,* is viz.:

"Section 4.  In addition to the application of the notice provided for by Section 2 of this Act, the Clerk of the Circuit Court shall mail a copy of such notice to the owner of the property, if the address of such owner be known to the Clerk; and a copy of such notice to the holder of each mortgage which appears of record against said property, if the address of such mortgage holder be known to the Clerk; and the Clerk shall make out and attach to the affidavit of the publisher attesting to the publication of such notice, a certificate that he, the Clerk, did on the .............. day of ...................., 19........., mail a copy of the notice addressed to ........................., at ........................, which certificate shall be signed by the Clerk, and his official seal affixed thereto; and such certificate shall be *prima facie* evidence of the fact that such notice was mailed.  In the event the owner's address is unknown to the Clerk, the latter shall execute and attach to the proof of publication a certificate to the effect that the address of the owner is unknown to him.

"The failure of the owner to receive the notice mailed by the Clerk shall not affect the validity of the tax deed issued pursuant to such notice."

The trial court found as a matter of fact that the requirements, *supra,* had not been made by the applicant for the Tax Deed.  The purpose of a substantial compliance therewith is pointed out by Mr. Justice Brown speaking for this Court in an able opinion in the case of Ozark Corporation v. Pattishall, 135 Fla. 610, 185 So. 333, when it was said:

"The statutory requirements that notice to the owner of the land of application of the tax certificate holder for a tax deed thereon shall be given in a stated manner are intended for the protection of the property rights of the owner of the land.  Such requirements are mandatory, and a failure of the officer to substantially comply therewith will

render the deed void, since the authority to issue the deed must be exercised in the manner definitely prescribed. An applicant for a tax deed who takes it when the authority to execute it has not been exercised as required by mandatory provisions of law does so at his peril. Clark-Ray-Johnson Co. v. Williford, *supra* (62 Fla. 453, 56 So. 938.); Tax Securities Corporation v. Borland, *supra* (103 Fla. 63, 137 So. 151.

"The jurisdictional notice to the taxpayer that his land is about to be taken from him for his tax delinquency is, under the presnt tax system we have in this state, that which is required to be given by publication as a condition precedent to the issuance of a tax deed by the clerk of the circuit court. (See Sec. 999 [137] C. G. L. Perm. Supp. 1936). Notice of the tax sale itself is simply a statutory regulation of the subject. (See Sec. 969, C. G. L., Perm. Supp. 1936.) It is designed more to produce buyers at the sale for the benefit of the state's revenues than it is to protect any right of the delinquent taxpayer, since the delinquent taxpayer can lose nothing of a final or conclusive nature through the mere issuance of a tax sale certificate on his land. This is so, because the tax sale certificate after issuance must be held for at least two years, during which time the taxpayer has open to him all the processes of the courts by which to challenge its validity, if invalid, as well as the opportunity to redeem his land from it, if valid. State, *ex rel.* Ranger Realty Co. v. Lummus, 111 Fla. 746, 149 So. 650.

"The Court is therefore of the opinion that Sec. 999 (137) C. G. L., Perm. Supp. 1936 (Sec. 2, Ch. 17457, Acts of 1935) is intended for the protection of the citizen; that it is jurisdictional; and that a disregard of its terms will render the tax deed void."

We find no legal reason for disturbing the judgment appealed from and the same is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in the opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.