J. A. SCARLETT v. H. B. FREDERICK, as Judge of the Circuit Court in and for Volusia County, Florida.

3 So. (2nd) 165
Division A
Opinion Filed June 6, 1941
Rehearing Denied June 27, 1941

408

*J. A. Scarlett,* for petitioner;

*Hull, Landis, & Whitehair, Erskine W. Landis* and *John L. Graham,* for Respondent.

BUFORD, J.—This cause is before us on demurrer to petition and return to Rule *Nisi* in Prohibition.

The record shows that no action was taken in prosecution of the cause after April 1, 1935 until April 1, 1938, when defendant moved to dismiss under the provisions of Chapter 14554, Acts of 1929, Section 4218 (1) Perm. Supp. C. G. L. Section 1 of the Act provides:

"All actions at law or suits in equity pending in the several Courts of the State of Florida in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of three (3) years, shall be deemed abated for want of prosecution and the same shall be dismissed by the Court having jurisdiction of the cause, upon motion of any person, firm or corporation interested, whether a party to the action or suit or not, without revivor or notice; provided this Act shall not become effective in respect to actions or suits now pending until the first day of January A. D. 1930. Provided further that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the Court filed by any party in interest within six months after such order of dismissal."

The general rule for computing the time within which a thing must be done is that we count the time excluding the day on which the initial act occurred and including the corresponding future date. See Savage v. State, 18 Fla. 970; Croissant v. DeSoto Imp. Co. 87 Fla. 530, 101, So. 37.

The record shows that on April 1, 1938 plaintiff filed in the office of the Clerk of the Circuit Court notice as follows:

"To: Jordan & Fielding Esqs., DeLand, Florida; Scarlett & Futch, Esqs., DeLand, Florida; Attorneys of Record for J. A. Scarlett, defendant in the above entitled cause."

"You will please take notice that we will on Wednesday the 6th day of April A. D. 1938, at the hour of 10:00 o'clock A. M., or as soon thereafter as counsel can be heard, call up for argument before the Honorable H. B. Frederick, one of the Judges of the above styled court, at his chambers in Daytona Beach, Florida, or wherever said Judge may be, all undisposed of pleadings in the above entitled cause."

"HULL, LANDIS & WHITEHAIR"
"Attorneys for Plaintiff."

This constituted action taken by which it appears that the case was being prosecuted and such notice was filed on the last day of the three year period contemplated by the statute.

Aside from this, we must hold that under the provisions of Chapter 14554, *supra,* the running of the three-year period without action showing the cause is being prosecuted does not deprive the Court of jurisdiction because the statute requires an order of dismissal to be made by the court and retains in the court jurisdiction for the period of six months after

order of dismissal within which the court may by order reinstate the cause. So the court was not without jurisdiction to make the order and even if the order was erroneous, it was not one as to which prohibition would lie.

Rule Nisi is quashed and the cause dismissed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.

BROWN, C. J. (concurring).—It might be well to call attention to the fact that we have discussed Chapter 14554, Acts of 1929, being Section 4218 (1) Perm., Supp. C. G. L., in several cases.

In the case of Hancock v. Hancock, 128 Fla. 684, 175 So. 734, it was held that where no affirmative action was taken in either the wife's suit for separate maintenance or on the husband's answer seeking a divorce for over three years, both husband's and wife's causes of action were abated and no action could be taken herein until proper proceedings to revive had first been instituted, and hence reference to a Special Master to take testimony, in absence of any proceedings to revive the wife's cause of action was error.

In the dissenting opinion which this writer wrote in the case of Wilbur v. Hampton, 128 Fla. 256, 174 So. 742, the following paragraph appears:

"Section 4318 (1) C. G. L., Permanent Supplement, taken from Chapter 14554, Acts of 1929, in force at that time, provides that all actions at law or suits in equity, in which it shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the suit is being prosecuted, for a period of three years, 'shall be deemed abated

for want of prosecution' and dismissed upon motion, subject to reinstatement upon petition, for good cause shown, within six months after order of dismissal. The 'abatement' referred to in the statute is not absolute and automatic. An order of court is required, and the order of dismissal is subject to the power of the court on petition to reinstate for good cause."

The quoted paragraph takes practically the same position as that taken by Mr. Justice BUFORD in his opinion in this case. The majority of the Court decided the case of Wilbur v. Hampton, *supra,* on another point and the above quoted paragraph was in a dissenting opinion and dealt with a question which the majority of the Court evidently did not consider to be involved in the case. My dissenting opinion in that case was concurred in by Mr. Justice ELLIS.

Some references have been made to this statute in later cases but, with the exception of Hancock v. Hancock, *supra,* they are not pertinent to the issue here involved.

PER CURIAM:—Petition in effect takes issue with the conclusion of the Court as to the construction to be given the provisions of Chapter 14554, Acts of 1929, Sec. 4218 (1) Permanent Supplement C. G. L., in our opinion filed June 6th, 1941, and contends that the setting down for argument and serving notice thereof on April 1, 1938, of undisposed of pleadings in the cause did not constitute "some action taken by the filing of pleadings, order of court, or otherwise" by which it affirmatively appeared that the case is being prosecuted.

We cannot agree with this contention because our view is that a cause is either being prosecuted or is abandoned. The notice of setting down for argument

and hearing was an affirmative action by which it appeared that the cause was not abandoned, but was being prosecuted.

The settling of pleadings is a necessary step in a cause and where it becomes necessary to settle pleadings orderly procedure requires that notice be given of a time and place for settlement of pleadings, before the trial court.

Petition for rehearing is denied.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.