FREDERICKA LUCIAN, as Executrix, etc. v. DUVANE CORPORATION, etc.

29 So. (2nd) 627            January Term, 1947
March 17, 1947            Special Division B
Rehearing denied April 10, 1947

*A. C. Franks,* for appellant.

*Knight, Underwood & Cullen,* for appellees.

BUFORD, J.:

In this case the appeal brings for review a final decree finding the equities to be with the defendants and counter-claimants and decreeing the title to certain lands described to be quieted in the counter-claimants C. C. Ansley, and Edna B. Ansley, his wife, and that they are entitled to possession of such lands.

The purpose of the bill of complaint was to attack the validity of a tax deed and to have the deed decreed to be of no force and effect.

In 1939 the lands were sold for the unpaid taxes assessed for the year 1938 and the lands were at that sale knocked-off to the State Treasurer and tax sale certificate issued to the State Treasurer. Thereafter, on April 10th, 1942, the Clerk of the Circuit Court of Dade County, Florida, sold and assigned the said certificate to Coast Company, Inc., which corporation made application for tax deed to be issued on said

certificate and paid the sum required to acquire the certificate and to pay the taxes for 1939 and 1940, which were all then delinquent.

Thereafter, by mesne conveyances the title acquired by Coast Company, Inc., lodged in the appellees.

The contest of the validity of the tax deed appears to have been made upon the theory that the tax deed issued in 1942 was required to be issued under the provisions of Chapter 17457 Acts of 1935. This contention is not tenable as we have repeatedly held that the statute in force when the tax deed is issued regulates the manner of giving to the owner of the land notice of the application for the tax deed, since that does not affect any contract rights of, nor impose any additional burdens upon the holder of the tax sale certificates. See Clark Ray Johnson Co. v. Williford, 62 Fla. 453, 56 Sou. 938; Kester v. Bostwick, 153 Fla. 450, 15 Sou. (2) 201 and Dundemaine v. Shaw, 153 Fla. 899, 16 Sou. (2) 114.

The statute requiring notice of application for tax deed to be given to the owner in effect at the time the tax deed was issued was Sec. 40 of Chapter 20722 Laws of 1941, which is now Section 194.51, Fla. Statutes (same F.S.A.). Under the provisions of this section the mailing of copy of the notice to the land-owner is not jurisdictional and the statute provides in terms that:

"The failure of the Clerk to mail the notice provided for in this Section or the failure of the owner, mortgagee or municipality, or other taxing district, to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice."

The absence of showing that this notice was given is the basis for the only attack made upon the tax deed. No good purpose can be served by discussing the matter further.

The decree of the Chancellor is affirmed.

THOMAS, C.J., ADAMS, J., and SANDLER, Associate Justice concur.