TERRELL, Justice.
Appellant as complainant filed complaint in the Circuit Court in which he prayed that a certain agreement marked Exhibit “A” attached to the complaint be cancelled and annulled,.-that an -accounting be had and for such other and -further relief in the premises as the court may deem proper. The defendants, appellees, filed three separate motions-fo dismiss on the ground that the complaint fails to state a cause of action or that it fails to state a claim upon which relief can be granted. Counsel for all parties signed a stipulation as provided by 31 F.S.A. Equity Rule 7(d) that the cause set for hearing before the chancellor at 10 o’clock A. M. August 14, 1953, be postponed to a future date to be agreed on by counsel for the respective parties.’ Two months after filing said stipulation, the chancellor dismissed the complaint with prejudice, without notice of hearing, without argument,’ and in violation of the stipulation.
As reason for dismissing the Complaint, the chancellor stated that it “appears that the bill seeks rescission of an agreement in which the plaintiff’s testate sought to-obtain an unfair advantage in a divorce case then pending against her husband, by making it appear that the assets described in said agreement were' not owned by' her, A court of equity will not lend its aid in *172 such circumstances. The bill cannot be amended.” . We are confronted with an appeal from this order. .
Appellant was entitled to notice and opportunity to be. heard before dismissing the complaint. Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165.
The judgment.is reversed on authority of the last-cited case;
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.