110 So.2d 474 (1959)
Hymie POLLACK and Sara Pollack, Appellants,
v.
Herman POLLOCK and Lillian Pollock, Appellees.
No. A-326.
District Court of Appeal of Florida. First District.
January 15, 1959.
Rehearing Denied February 9, 1959.
Norton Josephson, Daytona Beach, for appellants.
W.J. Gardiner, and Hull, Landis, Graham & French, Daytona Beach, for appellees.
WIGGINTON, Acting Chief Judge.
Plaintiffs have appealed from a final judgment dismissing their case for lack of prosecution. The granting of defendants' motion to dismiss and the denial of plaintiffs' petition for reinstatement are assigned as error.
*475 F.S. Section 45.19(1), F.S.A., upon which the trial court's order of dismissal is predicated, provides as follows:
"(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o'clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, providing that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal."
It appears from the record on appeal that the complaint was filed on August 15, 1952, and that sundry pleadings and orders were subsequently filed at various intervals of less than one year, through February 12, 1954. Thereafter, no action of any kind was taken until February 24, 1956, at which time the trial court, sua sponte, entered its order placing the case on the pre-trial calendar for consideration. Numerous pleadings and orders were filed subsequent to February 24, 1956, including plaintiffs' notice of taking defendants' depositions, and the taking thereof on March 12, 1956; defendants' notice dated April 6, 1956, of taking plaintiffs' depositions; a pre-trial order, dated August 1, 1956, setting the case for trial on September 24, 1956; and an order, entered on the latter date with the consent of all parties, by which the cause was continued "* * * until further Order * * *."
On June 4, 1957, defendants filed a motion to dismiss the cause for lack of prosecution for a period of one year immediately prior to June 3, 1957, which motion was denied by order dated July 15, 1957. There can be no doubt that an order setting a case for trial is an active measure "* * * intended and calculated to hasten the suit to judgment * * *" as required under the statute here considered.[1] It follows, therefore, that defendants' motion to dismiss for lack of prosecution for a period of one year immediately prior to June 3, 1957, was premature and properly denied.
However, on July 11, 1957, defendants filed a second motion to dismiss on the ground of dormancy for the period between February 12, 1954 and February 24, 1956. On December 13, 1957, the trial court entered an order revoking its former order of July 15, granted defendants' motions, and the cause was thereupon dismissed. We note in passing and although it was error to revoke the prior order properly denying defendants' first motion, such would be rendered harmless upon a finding that the second motion was properly granted. Plaintiffs' petition for reinstatement was filed on December 30, 1957, and denied by order dated March 20, 1958. We are concerned on this appeal with the orders dated December 13, 1957, and March 20, 1958, respectively.
The primary question which we are called upon to determine is whether F.S. § 45.19, F.S.A., is self-operating or whether there must be a motion for dismissal entered before affirmative action is taken by the party moved against.
It is clear from the foregoing recitation of the proceedings had before the trial court that no action was taken by the filing of pleadings, orders of court, or otherwise during the interim between February 12, 1954, and February 24, 1956, a period of more than two years. Appellants concede this to be the case. They further concede that the cause could have been validly dismissed for lack of prosecution at any time between one year after February 12, 1954, *476 and the date of the first subsequent action taken therein. It is urged, however, that by permitting subsequent action to be taken, and by participating in at least a part of that action, the appellees have waived any right they may have had to obtain a dismissal and, therefore, should be estopped to assert any right thereto. In support of this position appellants contend that the statutory right to dismissal is a personal one conferred upon the parties to a cause and, as such, may be waived just as the constitutional right to trial by jury,[2] or the statutory right to insist upon payment of costs preliminary to the taking of an appeal.[3]
Appellees, as did the trial court, rely heavily upon the case of Hancock v. Hancock[4], in which our Supreme Court, in construing the predecessor statute to the one here considered, held that the absence of any affirmative action for the then statutory period "automatically abates the cause" and renders it subject to dismissal. Although the question of waiver and estoppel does not appear to have been raised, the Court further held that "in this case no proceedings were taken to revive the abated cause of complainant. Even if it was proper for the court to have again referred the cause to a special master to take testimony in 1936, complainant's abated cause was not properly revived so that such action could be taken." This holding flowed from the chancellor's act in permitting the complainant to proffer a motion to refer the cause to a special master after the cause was abated but before the motion to dismiss was filed.
Appellees contend that under the doctrine announced in the Hancock decision, dormancy for a period of one year abates the cause automatically and thus renders it legally dead, subject only to an order of dismissal upon proper motion at any time after the abatement. It is therefore urged that the trial court's jurisdiction after such an abatement is limited solely to the granting of a motion to dismiss grounded thereon and, after dismissal, to the granting or denying of a petition to reinstate, if such petition is timely filed.
We readily concede that the Hancock case, supra, supports the ruling of the trial court and the position espoused by the appellees here. Under our analysis of that case, however, the decision was based squarely upon the holding that dormant causes were automatically abated under the statute; and therefore no further steps could lawfully have been taken until the cause was revived by granting a petition to reinstate. That holding has been repudiated and receded from in numerous later cases to the effect that "the `abatement' referred to in the statute is not absolute and automatic"[5] and is not "self-executing".[6] There are doubtless many cases heretofore instituted and concluded in the trial courts of this state that have been subject to abatement and dismissal under the statute for lack of prosecution, but in which no proper motion therefor was made. Such cases have proceeded to final judgments or decrees under which personal and property rights have become vested. To construe the statute as restricting the court's jurisdiction according to the theory and to the extent espoused by the appellees here would cast doubt upon the efficacy of those judgments and decrees heretofore rendered in such causes, which but for the lack of a proper motion would have been abated and dismissed. We do not conceive this to be the purpose of the statute. Nor do we attribute to it an intent to afford a tool, either to the public, the courts or the litigants, by which a party to a proceeding that has become subject to dismissal may continue in the *477 prosecution thereof, expending both time and money, only to suffer dismissal for a period of dormancy which occurred months or even years before. The rights afforded by the statute are intended to expedite the prosecution of litigation in our courts, and to be effective in accomplishing that purpose must be exercised with the same diligence which is sought to be promoted thereby.
While the question now before this court has received but meager treatment during the history of the statute, we find that it is not altogether a novel one. In Dudemaine v. Shaw[7] the contention was made that by reason of the lapse of more than three years in which the case lay dormant it could be treated as abated under the statute, but in the absence of an intervening motion for dismissal the trial court had jurisdiction to grant a motion to file an amended bill of complaint and thus revive the action and prevent a dismissal under the statute. Although a dismissal of the cause was affirmed on other grounds, the Supreme Court clearly approved the foregoing contention. It should also be noted that at the time the cited decision was rendered the statute provided that causes which lay dormant for the required period "* * * shall be deemed abated * * * without revivor or notice;"[8] whereas the present statute has been amended[9] so as to eliminate the prohibition against revivor, and to require notice. This presents even more cogent reasons for requiring the moving party to act before the opposing party resumes the active prosecution of his cause. We therefore hold that F.S. § 45.19, F.S.A., is not self-executing, but requires the moving party to seek dismissal before any affirmative action in the prosecution of the cause is taken subsequent to the required period for abatement.
In the case now under consideration it affirmatively appears that the moving parties failed to make the appropriate motion for dismissal until after the parties moved against had revived their cause by resuming the active prosecution thereof. Under such circumstances, we are of the opinion that the requirements of the statute were not met by the moving parties and that the trial court committed error in granting the motion to dismiss. It follows that the denial of appellant's petition for reinstatement was equally erroneous. In view of this holding it becomes unnecessary to consider the questions of public policy or waiver raised by the parties hereto.
For the foregoing reasons the order appealed from must be and the same is hereby reversed. The cause is herewith remanded for further proceedings consistent with the views expressed herein.
PEARSON, TILLMAN, and CROSBY, HAROLD, Associate Judges, concur.
NOTES
[1] Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706.
[2] In re Shambow's Estate, 153 Fla. 762, 15 So.2d 837.
[3] Funke v. Federal Trust Co., Fla.App. 1958, 99 So.2d 636.
[4] 128 Fla. 684, 175 So. 734, 738.
[5] Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165, 167.
[6] May v. State ex rel. Ervin, Fla. 1957, 96 So.2d 126.
[7] 153 Fla. 899, 16 So.2d 114.
[8] § 45.19, F.S., 1941, F.S.A.
[9] Ch. 29737, § 32, Laws of Florida, 1955.