116 So.2d 761 (1959)
Herman POLLOCK and Lillian Pollock, Petitioners,
v.
Hymie POLLACK and Sara Pollack, Respondents.
Herman POLLACK, Petitioner,
v.
Hyman POLLACK and Sara Pollack, Respondents.
Supreme Court of Florida.
October 14, 1959.
Rehearing Denied November 12, 1959.
W.J. Gardiner, Daytona Beach, Hull, Landis, Graham & French and John L. Graham, De Land, for petitioners.
Norton Josephson, Daytona Beach, for respondents.
HOBSON, Justice.
In Pollack v. Pollock[1] the District Court of Appeal, First District, held that the Supreme Court of Florida had abandoned the position it took in the case of Hancock v. Hancock,[2] to the effect that under provisions of the abatement statute (now § 45.19, F.S.A.):
"* * * the absence from the record of any affirmative action having been taken in the cause for a period of three years automatically abates the cause * * *."
thus rendering it legally dead, subject only to an order of dismissal upon proper motion at any time after the abatement.
We agree with the District Court's determination that we repudiated and receded from the Hancock rule in Scarlett v. Frederick[3], Dudemaine v. Shaw[4], and May v. State[5]. The existing rule on this point of law was correctly restated by the District Court when it said:
"F.S. § 45.19, F.S.A., is not self-executing but requires the moving party to seek dismissal before any affirmative action in the prosecution of the cause is taken subsequent to the required period for abatement." 110 So.2d 474, 477.
*762 Since the requisite direct conflict is not present, certiorari is hereby denied as to both cases consolidated herein.
Certiorari denied.
THOMAS, C.J., and TERRELL, ROBERTS and DREW, JJ., concur.
NOTES
[1] Fla.App. 1959, 110 So.2d 474. What was said there is equally applicable to the cause of Pollack v. Pollock, Fla.App. 1959, 110 So.2d 477.
[2] 1937, 128 Fla. 684, 175 So. 734, 738.
[3] 1941, 147 Fla. 407, 3 So.2d 165.
[4] 1944, 153 Fla. 899, 16 So.2d 114.
[5] Fla. 1957, 96 So.2d 126.