PER CURIAM.
This is an appeal by the plaintiff below from an order denying his motion to vacate an order of dismissal of the cause for want of prosecution.
Appellant filed an action for damages in the circuit court on March 16, 1965. The cause was progressed, by motions, orders and amendments, to August 5, 1965. The pleading filed on that date was a notice of hearing on a pending motion to dismiss a second amended complaint for failure to state a cause of action. Thereafter, for more than a year, until September 7, 1966, there was no “action taken by filing of pleadings, order of court, or otherwise.”
Prior to any motion to dismiss for want of prosecution, proceedings .were resumed in the cause. On September 7, 1966, a stipulation was filed for substitution of counsel for plaintiff. On September 13, 1966, a notice of hearing was filed. On September 21, 1966, an order was entered dismissing the second amended complaint for failure to state a cause of action, with leave granted to further amend. On October 10, 1966, a third amended complaint was filed. On October 18, 1966, the defendants filed a motion to dismiss the third amended complaint for failure to state a cause of action. Some four months thereafter, on February 27, 1967, the trial court, of its own motion, entered an order dismissing the cause for want of prosecution, under § 45.19 Fla.Stat., F.S.A.[1]
The plaintiff filed a timely motion to vacate the order of dismissal for want of prosecution and to reinstate the cause, suggesting the dismissal had been entered by mistake, and pointing out that the pleadings and an order had been filed in the cause during September and October of 1966, less than a year prior to the order of dismissal for want of prosecution. That motion, as stated above, was denied and this appeal followed.
The appellant contends, and we agree, that the trial court was in error in denying the motion to reinstate the cause. The controlling point is that the statute did not become self-operating upon the lapse of more than a year (August 1965 to September 1966) without progress of the cause. That interval of inaction in the cause did not require or authorize dismissal under § 45.19 Fla.Stat., F.S.A. for want of prosecution, where the record disclosed pleadings and an order filed therein four months earlier, in September and October of 1966.
The law applicable to the situation presented here was settled by the Supreme Court of Florida in Pollock v. Pollack, Fla.1959, 116 So.2d 761. See also City of *879 Miami v. Railway Express Agency, Inc., Fla.App.1962, 141 So.2d 285.
In the Pollock case the Court said:
"We agree with the District Court’s determination that we repudiated and receded from the Hancock rule in Scarlett v. Frederick, 1941, 147 Fla. 407, 3 So.2d 165, Dudemaine v. Shaw, 1944, 153 Fla. 899, 16 So.2d 114, and May v. State, Fla. 1957, 96 So.2d 126. The existing rule on this point of law was correctly restated by the District Court when it said:
‘F.S. § 45.19, F.S.A., is not self-executing hut requires the moving party to seek dismissal before any affirmative action in the prosecution of the cause is taken subsequent to the required period for abatement.’ 110 So.2d 474, 477.”
For the reasons stated the order appealed from is reversed and the cause is remanded for further proceedings.

. See, to like effect, Rule 1.35(e), F.R.C.P., 30 F.S.A.