218 So.2d 481 (1969)
CYPRESS CORPORATION OF FLORIDA, Petitioner,
v.
Albert S. SMITH, Respondent.
No. 68-313.
District Court of Appeal of Florida. Second District.
February 5, 1969.
*482 L. Floyd Price, of Knowles, Mann & Blalock, Bradenton, for petitioner.
R.J. Ritter, Bradenton, for respondent.
HOBSON, Acting Chief Judge.
Petitioner, defendant below, petitions this court for a writ of common law certiorari to have reviewed an order of the trial court which it asserts to be a departure from the essential requirements of the law.
The relevant and undisputed facts are:
1. Respondent, plaintiff below, filed his complaint in the lower court on April 13, 1965.
2. Respondent filed his amendment to complaint in the lower court on February 24, 1966.
3. The petitioner, defendant below, filed its answer and defenses in the lower court on July 12, 1967.
4. The petitioner filed its motion to dismiss for want of prosecution on April 5, 1968.
5. The respondent-plaintiff filed no pleadings in the lower court between February 24, 1966, and April 8, 1968.
6. The lower court entered its order denying said motion to dismiss on May 2, 1968.
The only question before this court is whether or not, on the above facts, the lower court's order should be quashed as departing from the essential requirements of the law when viewed in the light of the mandatory provisions of Rule 1.420(e), Florida Rules of Civil Procedure, 30 F.S.A.
Rule 1.420(e) provides:
"Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal."
Petitioner contends that respondent-plaintiff took no action on the case from February 24, 1966, to April 8, 1968, a period of over two years, and in view of this it is mandatory that the lower court dismiss the case under the above rule for failure to prosecute.
Respondent-plaintiff contends that such rule applies only where no pleading showing prosecution by either side has been filed for over a year. In support of this contention, respondent shows that petitioner's answer and defenses were filed on July 12, 1967, and from that date until April 8, 1968, is less than a year. Respondent contends also that the period of *483 inaction prior to the filing of petitioner's answer, though longer than one year, cannot be used to measure the time involved as the time only runs from the date of the petitioner's answer.
The parties have not cited nor has our research revealed any Florida case directly on point. However, there are reported Florida cases which use an answer or pleading by a defendant as the date at which time the period begins to run for the purpose of dismissing an action for want of prosecution. In Newman v. Bennefeld, Fla.App. 1967, 193 So.2d 482, this court held that where no pleading had been filed for a year and three days after the filing of the answer by defendant, the trial court was without discretion and dismissal was mandatory upon motion made by defendant. Several times in that decision, this court referred to the time of filing of the defendant's answer as the initial date in computing the period of proscribed inaction. For cases involving the filing of a pleading by defendant as the initial date in computing the period of proscribed inaction, see: Gulf Appliance Distributors, Inc. v. Long et al., Fla. 1951, 53 So.2d 706; and Reilly v. Fuss, Fla.App. 1964, 170 So.2d 475.
While the above cases were considered in the light of Florida Statute 45.19, F.S.A., said cases are applicable under our present CPR 1.420(e) as said statute as to the issue involved herein is materially the same as CPR 1.420(e).
It is our opinion, and we so hold, that the filing of an answer by a defendant constitutes prosecution of an action within the meaning of CPR 1.420(e).
Immediately prior to the filing by defendant of its answer and defenses, a motion to dismiss for want of prosecution would have been appropriate as no pleading showing prosecution had been filed by either party for over a year. However, CPR 1.420(e) was not seasonably invoked and is not self-executing. Passio v. Crowell, Fla.App. 1968, 208 So.2d 877; and Pollack v. Pollock, Fla.App. 1959, 110 So.2d 474, 477; Pollock v. Pollack, Fla. 1959, 116 So.2d 761.
Certiorari denied.
MANN, J., and ALLEN, J. (Ret.), concur.