McCAIN, Judge.
In these consolidated appeals, appellants challenge dismissal of their actions for failure to prosecute and denial of their petitions for reinstatement.
In case number 2315, appellant’s penultimate pleading was filed on January 30, 1967. Appellee filed his on January 31, 1967, i. e., affidavit controverting motion for summary judgment. On January 30, 1968, appellant served by mail an amended motion for summary judgment and notice of hearing; however, these were not filed until February 1, 1968. On January 31, 1968, appellee filed his motion to dismiss for failure to prosecute which was favorably treated.
Construing the rule then in effect,[1] a distinction exists between service and filing of a pleading, with the latter controlling under the rule.
This is a distinction without significance since appellee’s controverting affidavit filed on January 31, 1967, constituted prosecution under the rule[2] Therefore, appellee’s motion to dismiss of January 31, 1968, was premature and should have been denied.[3] The rule was not seasonably invoked and it is not self-executing.[4]
Accordingly the order appealed from in case number 2315 is reversed and this cause is remanded for further proceedings consistent herewith.
Case number 2361, although similar, is dispositive on a different point. The order dismissing this cause was entered on *868 April 2, 1968, and filed on April 3, 1968. A motion for review and reinstatement was denied by order dated June 6, 1968, and filed June 7, 1968. The notice of appeal was both dated and filed on August 9, 1968. Unfortunately, it was untimely under the rules then in force and effect.[5]
Accordingly the appeal in case number 2361 is dismissed.
Dismissed as to case number 2361 and reversed and remanded as to case number 2315.
REED and OWEN, JJ., concur.

. Rule 1.420(e), F.R.C.P., 30 F.S.A.

. Cypress Corporation of Florida v. Smith, Fla.App.1969, 218 So.2d 481, 483, holding, “ * * * [T]he filing of an answer by a defendant constitutes prosecution of an action within the meaning of CPR 1.420(e).” See also Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 63 So.2d 706, affirming dismissal and stating: “Upon motion by appellee, an order of dismissal' of the suit was entered on October 31, 1950, for plaintiff-appellant’s failure to take affirmative action in the cause since the filing of appellee’s motion to dismiss on August 19, 1949 * * * affirmed.”; and City of Jacksonville v. Hinson, Fla.App. 1967, 202 So.2d 806, which found no error in a refusal to dismiss the cause for failure to prosecute, and stating: “ * * * [Tjhe filing by plaintiff of additional interrogatories within the one year period constituted action * * * and the filing of objections to the additional interrogatories amounts to defending an active cause of action.”

. Pollack v. Pollack, Fla.App.1959, 110 So.2d 474 (cert. den. Fla.1959, 116 So.2d 761), construing F.S. 45.19(1), F.S.A. which contained similar wording as F.R.O.P. 1.420(e) ; Beigel v. Simon, Fla.App.1968, 210 So.2d 473.

. Passio v. Crowell, Fla.App.1968, 208 So.2d 877.

. F.A.R. 3.2 subd. b, 4.2, subd. b, 1962 revision, 32 F.S.A., effective through September 30, 1968.