PER CURIAM.
The trial court entered its order denying motions which sought dismissal for lack of prosecution. Defendants timely filed two separate petitions for writ of certiorari seeking review of such order. These separate petitions have been consolidated for briefing, oral argument and disposition.
An order denying dismissal for lack of prosecution is an interlocutory order which may be reviewed by interlocutory appeal. Rule 4.2, F.A.R. 32 F.S.A. The rule does not preclude a party from applying to the court for the discretionary writ of certiorari to review such interlocutory order. In the instant case, the procedural route adopted by the petitioners has caused them no harm since our decision is rendered upon the merits of the question presented.
The record discloses that within a one-year period immediately prior to the filing of the motions to dismiss one of the defendants filed written interrogatories to be answered by the plaintiff. Although the plaintiff did not file or serve an answer to such interrogatories, we hold that the defendant’s filing of the written interrogatories constitutes sufficient affirmative showing of prosecution of the action to justify denial of a motion to dismiss filed under Rule 1.420(e) R.C.P., 30 F.S.A. Cf. Fund Insurance Companies v. Preskitt, Fla.App.1970, 231 So.2d 866; Cypress Corporation of Florida v. Smith, Fla.App.1969, 218 So.2d 481; Rosenfeld v. Glickstein, Fla.App.1967, 200 So.2d 242; Owens v. Ken’s Paint and Body Shop, Fla.App.1967, 196 So.2d 17; and, Musselman Steel Fabricators, Inc. v. Radziwon et al., Fourth District Court of Appeal, 250 So.2d 327.
Certiorari denied.
WALDEN, OWEN and MAGER, JJ., concur.