COBB, Chief Judge.
The issue on this appeal is whether the date of service is counted in computing the sixty-day time period in section 713.22(2), Florida Statutes (1983). That section provides, in relevant part:
... The lien of any lienor upon whom such notice [Notice of Contest of Lien] is served and who fails to institute a suit to enforce his lien within sixty days after service of such notice shall be extinguished automatically. The clerk shall mail a copy of the Notice of Contest to the lien claimant at the address shown in the claim of lien or most recent amendment thereto and shall certify to such service on the face of such notice and record the notice. Service shall be deemed complete upon mailing. (Emphasis added.)
The facts are undisputed that the plaintiff in this case, Site-Prep, Inc., was served with the defendant’s notice of contest of lien on August 1, 1983, and that the plaintiff filed his complaint on September 30, 1983, sixty days after the date of service, and sixty-one days later if the date of service is included. We are not concerned in the instant case with any problem involving holidays or weekends.
The trial court agreed with the defendant that the aforesaid sixty-day period included the date of service, struck the complaint and discharged the defendant from liability. This was error. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla.1950); Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165 (1941); Zentmeyer v. Ford Motor Co., 464 So.2d 673 (Fla. 5th DCA 1985); Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2d DCA 1982); Koehler Electrical Supply Co. v. Berkley, 362 So.2d 1043 (Fla. 4th DCA 1978); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976). See also Fla.R.Civ.P. 1.090(a) and H. Trawick, Florida Practice & Procedure § 8-24 (1984 ed.).
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.