LILES, WOODIE A., Associate Judge.
Plaintiff has appealed the dismissal of its motion for deficiency decree in a mortgage foreclosure suit. On motion by defendants, the trial judge denied plaintiff’s motion on the ground that plaintiff had failed to take any affirmative action for a period in excess of one year as required by Fla.R.Civ.P. 1.420(e), 30 F.S.A.
The dismissal must be reversed because plaintiff had resumed activity in this case before any action was taken to invoke the provisions of Fla.R.Civ.P. 1.420(e). On May 16, 1967, a mandate of this court was filed in the lower court. No further action was taken in this case until plaintiff filed its motion for deficiency decree on July 29, 1968, more than one year later. Defendants filed their motion to dismiss on September 18, 1968, along with their answer and defenses to plaintiff’s motion.
Fla.R.Civ.P. 1.420(e) is not self-executing. The moving party must seek dismissal prior to resumption of affirmative action toward prosecution of the case. Pollock v. Pollack, Fla.1959, 116 So.2d 761; Beigel v. Simon, Fla.App.1968, 210 So.2d 473; Passio v. Crowell, Fla.App.1968, 208 So.2d 877; Knowles v. Gilbert, Fla.App.1968, 208 So.2d 660.
Since defendants did not move for dismissal prior to July 29, 1968, the date plaintiff filed its motion for deficiency decree, and the court did not dismiss this suit on its own motion prior to that date, dismissal for failure to prosecute was improper.
Reversed and remanded.