291 So.2d 663 (1974)
Alan B. FIELDS, Jr., et al., Appellants,
v.
Marian C. FIELDS, Etc., et al., Appellees.
No. S-405.
District Court of Appeal of Florida, First District.
March 26, 1974.
Alan B. Fields, Jr., of Dowda, Hedstrom & Fields, Palatka, for appellants.
John P. McCoy, of Cobb, Cole, Sigerson, McCoy, Bell & Bond, Daytona Beach, for appellees.
BOYER, Judge.
On December 30, 1972 the lower court entered an order entitled "Order of Dismissal *664 Nunc Pro Tunc", reciting that the order was being entered for failure to prosecute pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, 30 F.S.A. The sole issue on this appeal is the propriety of the entry of that order.
The record reveals that a complaint was filed on December 1, 1967, thereafter the normal and customary pleading procedure was accomplished, including the filing of an answer on February 29, 1968 and answers to requests for admissions on March 5, 1968. The next entry on the docket sheet is a motion for dismissal for failure to prosecute which was filed on December 22, 1969 and a notice of a hearing thereon scheduled for January 12, 1970, which was also filed on December 22, 1969. It appears therefore that well over a year had elapsed between the last entry on the docket sheet and the motion to dismiss for failure to prosecute. However, the record reveals that on March 6, 1969 (one year and one day following the date of the filing of the answers to requests for admissions, but less than a year before the filing of the motion to dismiss for failure to prosecute) there was filed before the court a pleading entitled "Motion for Contempt or to Strike Pleadings of Defendants" and a notice of hearing thereon and a further pleading entitled "Waiver on Filing of Affidavit" and a lengthy affidavit attached thereto. For some unexplained reason, but as clearly reflected by the record on appeal, those documents were not filed in the office of the clerk of the circuit court until May 12, 1972. (The record does not reveal the entry of any order on the motion to dismiss for failure to prosecute which, as aforesaid, was filed on December 22, 1969.) On May 12, 1972 there was also filed with the clerk of the circuit court a notice signed by the circuit judge dated May 8, 1972 directed to the attorneys of record for the parties which notice stated:
"You, and each of you, are hereby notified that the undersigned proposes to dismiss the above styled cause of action on June 16, 1972, at 2:00 p.m. in Chambers in DeLand, Volusia County, Florida, for failure to prosecute as provided by Florida Civil Procedure Rule 1.420(e)."
It will be noted that above quoted notice did not contain any language requiring the showing of cause as to why the action should remain pending. Neither does the record reveal that any hearing was held on June 16, 1972.
On May 15, 1972, there was filed a notice addressed to the defendant's attorneys noticing the deposition of the plaintiff Marian C. Fields on June 1, 1972. On June 14, 1972 the deposition of Marian C. Fields was filed. On June 19, 1972 plaintiffs filed a pleading entitled "Motion to Strike Answer of Defendant and for Relief from Order Proposing Dismissal". On July 5, 1972 plaintiff's attorneys filed a notice of a hearing scheduled for September 15, 1972 on the last mentioned motion. An amended notice changing the date to October 27, 1972 was filed on September 7, 1972.
The state of the pleadings being as above recited, a motion was filed by the attorneys for the defendant on September 12, 1972 entitled "Motion for Entry of Order of Dismissal Nunc Pro Tunc", to which motion was attached a copy of what purports to be an order of dismissal which is dated January 12, 1970 conformed with the signature of the circuit judge but which does not appear to have been filed. Said motion recites that said order of dismissal was signed on January 12, 1970 in the presence of the defendant's attorney, that following the signing of said order the said attorney rendered a bill to his client and was paid in full and was discharged and that he has had no contact with his client for more than two years and does not know her whereabouts.
On September 12, 1972 there was filed a notice of hearing on the defendant's "Motion for Entry of Order of Dismissal Nunc Pro Tunc" which hearing was scheduled for October 27, 1972. On October 9, 1972 *665 there was filed a second amended notice of hearing signed by one of the attorneys for the plaintiffs addressed to the attorneys for defendant noticing a hearing on November 28, 1972 on plaintiffs' "Motion to Strike Answer of Defendant and for Relief from Order Proposing Dismissal."
On December 30, 1972 the circuit judge entered an order entitled "Order of Dismissal Nunc Pro Tunc" in which he recited that "the above complaint and action be and it is hereby dismissed as of June 16, 1972 * * *."
Rule 1.420(e), Florida Rules of Civil Procedure, provides as follows:
"Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion." (Emphasis added.)
As the above chronology of events reveals, the record on appeal reflects that various pleadings were filed before the court on March 6, 1969, therefore one year had not elapsed as provided in the rule at the time that the defendant filed her motion to dismiss for failure to prosecute on December 22, 1969.
The "Order of Dismissal" dated January 12, 1970 which is attached to defendant's "Motion for Entry of Order of Dismissal Nunc Pro Tunc" was never filed and does not appear on the docket sheet.
Four pleadings were filed with the clerk of the circuit court on May 12, 1972, the date of the filing of the notice by the court of its intention to dismiss "on June 16, 1972 * * * for failure to prosecute as provided by Florida Civil Procedure Rule 1.420(e)." Neither the record nor the docket sheet reveal any hearing to have been held on June 16, 1972, the date set forth in said notice. Indeed, appellee's brief tacitly concedes that there was no hearing on said date. Appellee has filed an affidavit which has been made a part of the record on appeal reciting that a hearing was held "during the month of October, 1972" and that "the nature of the hearing was defendant's motion for entry of order of dismissal nunc pro tunc."
Under the state of the pleadings in this case, none of the cases cited by any of the parties in their briefs construing Rule 1.420(e) are applicable.
In order to validly dismiss a case for failure to prosecute pursuant to said rule, provisions of the rule must be followed. The provisions of the rule are as binding on the court as on the parties. The rule clearly anticipates a hearing. It is not reasonable to expect or require "good cause in writing why the action should remain pending" five days before a hearing on the motion (or notice) when there is no hearing. Where, as here, no hearing is held on the court's notice of intention to dismiss for failure to prosecute, purportedly served pursuant to the rule, and where no timely order is entered in accordance with the notice and the parties continue to file pleadings and take depositions, they are entitled to rely upon the court's inaction and to assume that the notice or motion of the court has been abandoned.
Under the circumstances of this case it appears that the entry of the order of dismissal nunc pro tunc on December 30, 1972 was not in accordance with the requirements of Rule 1.420(e).
Nothing in this opinion is intended to restrict the inherent right of a court to control and expedite its calendar and docket. However, the order of dismissal here challenged purported to be pursuant to Rule 1.420(e), *666 Rules of Civil Procedure, which rule was not followed. It was therefore error to enter the order.
Reversed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.