WALDEN, Judge.
This will be a two stage appeal.
The first stage deals with the administration of Rule 1.420(e), F.R.C.P., 30 F.S. A., which provides:
“(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or .otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
It appears that the trial court on its own motion filed a notice of hearing upon the parties pursuant to the above rule, directed toward a hearing procedure to be conducted at 5:00 p. m. on June 12, 1973. Regardless, the hearing was not conducted and an adjudication was not made as to whether the case was properly and legally a subject for dismissal for failure to prosecute. Instead, the case was thereafter taken to trial upon the merits and a judgment entered in favor of the plaintiff in an action for specific performance. Defendants appeal and one of their grievances is the matter here discussed.
It is our view that the machinery under the mentioned rule having been cranked up the parties were entitled to an adjudication thereon with the court finding either that the cause must be dismissed or that the plaintiffs had in fact and law shown good cause as to why the action should remain *698 pending. See Koppers Co., Inc. v. Victorie Dev. Corp., 284 So.2d 193 (Fla.1973) and Laug v. Murphy, 205 So.2d 695 (4th D.C.A.Fla.1968).
In order to get this cause on the tracks and in proper sequence we do temporarily remand the cause for a period of thirty (30) days to the Circuit Court in and for Brevard County of Florida, with respectful directions that a hearing be conducted as contemplated by Rule 1.420(e). The decision at such hearing is to be made as though the hearing had been conducted as originally scheduled at 5:00 p. m. on June 12, 1973, according to events and the state of the pleadings as they then existed. The Circuit Court will please enter its order thereon and transmit same, together with all pertinent records and transcript, to this court. Upon receipt thereof, depending upon the content of same, we will then proceed to consider stage 2 and the proper final disposition of this appeal.
It is so ordered.
MAGER, J., and MOORE, JOHN H., II, Associate Judge, concur.