301 So.2d 147 (1974)
William M. BARR and Rebecca Barr, Appellants,
v.
Rae EHRLICH, Appellee.
No. 74-82.
District Court of Appeal of Florida, Fourth District.
October 11, 1974.
Dwight W. Severs of Crofton, Holland, Starling, Harris & Severs, Titusville, for appellants.
Joseph R. Moss of Ferrell & Moss, Cocoa, and A.T. Rossetter, Melbourne, for appellee.
WALDEN, Judge.
We earlier remanded this cause to the Circuit Court with directions that a hearing be conducted as contemplated by Rule 1.420(e), F.R.C.P., according to the notice which had scheduled same for June 12, 1973. For history and details see Barr v. Ehrlich, 295 So.2d 697 (4th D.C.A.Fla. 1974).
*148 The Circuit Court graciously and conscientiously complied. A hearing was conducted. A comprehensive report was entered to which we shall refer. We now have the whole record before us.
We determine that the judgment must be affirmed. The Appellate points lack merit and only Point I warrants opinion discussion, such Point I being:
The trial court erred in setting a non-jury trial and conducting a trial when there was an undisposed of notice of hearing dated May 11, 1973, and a timely demand for trial by jury.
Manifestly and as reflected in the mentioned Circuit Court report, the cause was subject to dismissal at 5:00 p.m. on June 12, 1973. This is true because there was a failure to prosecute according to the procedure and criteria provided in Rule 1.420(e), F.R.C.P. However, there is more. The record supports the overriding dispositive findings and observations of the Circuit Court contained in the mentioned report:
"Upon the evidence adduced herein this court finds as a matter of fact that when Mr. Rossetter, counsel for the plaintiff, received the notice of hearing in question, he telephoned Mr. Trader, counsel for the defendants, learned that Mr. Trader would not object to the hearing being cancelled, and that Mr. Rossetter then called Judge Williams' office and was able to obtain assurance that an order of dismissal would not be entered and the undersigned further finds that no party or counsel appeared at the appointed time, no hearing was had and no order thereon was made or entered. This case was re-assigned from Judge Williams to the undersigned, who, as trial judge, has a definite memory of asking, in chambers before trial, defense counsel if there was any problem as to this matter and such counsel assuring the court that he was ready and willing to proceed to trial. From arguments in chambers during trial, the undersigned came to believe that Mr. Trader had been willing to try the case on its merits because of his firm opinion that the contract in question, not having two witnesses, was not enforceable under Radabaugh v. Ware, Fla.App. 1970, 241 So.2d 738. If this trial judge can properly consider all the facts and circumstances, then its decision would be that the trial court abandoned its motion and hearing under this rule but that, in any event, the defendants are bound by their counsel's representation to opposing counsel and to the court and are estopped to now contend contrary to past assurances and, having agreed to present the matter on its merits to the court and receiving an adverse conclusion, cannot now go back and have that which they waived, and the motion should for those reasons be denied."
The record shows that the cause was duly presented and tried upon the merits to partial final judgment without appropriate objection or preservation of error on the part of defendant's counsel. We affirm as concerns this point upon authority of Fields v. Fields, 291 So.2d 663 (1st D.C.A.Fla. 1974).
The mentioned report sets forth in considerable detail the local practice and custom whereby Rule 1.420(e), F.R.C.P., is administered in that circuit. This was done as a foundation and probable explanation for the events that transpired in the trial court and lead to this appeal. Although our comments thereon are perhaps dicta, we offer them for whatever they may be worth lest our silence be deemed an approval. We, of course, are interested in such matters only when they are entwined with and critical to a matter presented to us in our appellate function. We have neither the authority nor the wish to intrude into the internal affairs of the trial court or to promulgate local rules or customs.
We applaud and agree with the observation, "Actual practice, long custom, courtesy, respect, ethics, travel and other expense, *149 convenience, and mutual confidence do play a part in the manner in which trial courts have traditionally construed and administered, on their own motion, RCP Rule 1.420(e) in order to secure `the just, speedy and inexpensive determination of every action.' [RCP Rule 1.010l]"
With reference to the three outlined local practice steps, they are as follows:
"A trial court usually undertakes to clear dockets under this rule by having its clerk to review pending cases, to list those apparently not active within a past year, and to send out notices setting a hearing in mass at a time certain. Thereafter the cases seem to naturally fall into three classes, viz:
"First, in about four to six per cent of the cases, the attorney for the plaintiff will call the judge or his secretary on the telephone, attempt to explain the reason for the delay and request that the court not proceed to dismiss the case on its own motion, often adding that he has talked with defense counsel who has no objection to the case not being dismissed. The factual reason for the delay seldom, if ever, is of the level required by case law for `good cause' under the rule. When there is no affirmative contest, the judges in this circuit, and probably elsewhere, usually grant these requests and just do not enter orders of dismissal.
"Secondly, in the next and much smaller class of cases, counsel may appear at the hearing and formally argue the matter as if the motion had been made by a party and the court enters its order of dismissal or a finding of good cause why the action should remain pending.
"Thirdly, in the remainder of cases, far over ninety per cent, a formal order of dismissal is entered as a matter of course, no one appearing at the designated time."
We would simply hazard these random comments and reminders concerning them, and the thought that this appeal point may have been avoided by a closer adherence to a more traditional policy.
1. Rule 1.030(d), F.R.C.P., mandates that agreements between counsel, if they are to have force, shall either be in writing or officially made a part of the record.
2. Ethical considerations forbid ex parte applications to a judge by a party in a contested case, and particularly where a matter as critical as the dismissal of a cause is in issue.
3. While Rule 1.420(e), F.R.C.P., provides that either on the court's motion or the motion of an interested party a cause shall be dismissed for lack of prosecution, we feel that all such motions, regardless, should be filed only when the movant genuinely intends to pursue the matter according to the legal criteria there found.
4. As a general proposition, it would be appropriate for all pending motions to be officially disposed of pre-trial by order. If the court intends to withdraw its motion under Rule 1.420(e), F.R.C.P., it should do so only as a matter of judicial discretion, which discretion is subject to review. An abuse might be indicated, for instance, in the case where a defendant relies upon the court's initiative, and, because it would be redundant, does not file a separate motion to dismiss, and is thereby prejudiced. If the disposition is accomplished by a filed written order, an aggrieved party may meet the action with an assignment of error.
5. As to the goal of expedition we would wonder about circumstances that might arise under the local practice where a plaintiff calls the judge without having first talked to defense counsel and arranges, without having good cause, for the non-prosecution of the court's motion. It seems likely that defendant's counsel would appear at the appointed hearing time to *150 find plaintiff's counsel in absentia and the matter in limbo (and what if in the interim plaintiff has filed pleadings?). Then, too, defendant's counsel may not appear and affirmatively contest, believing it evident that the court on the state of the record would have no alternative but to dismiss the action on its own motion.
With these expressions the appealed judgment is
Affirmed.
MAGER, J., and MOORE, JOHN H., II, Associate Judge, concur.