FERGUSON, Judge.
The dispositive question is whether a trial court in the exercise of its discretion may deny a defendant’s motion to dismiss a complaint, pursuant to Florida Rule of Civil Procedure 1.420(e) for failure to prosecute, where a hearing on the motion is not scheduled until seven months after filing the motion and where, in the interim, the plaintiff has actively prosecuted the claim through completion of discovery and setting the case for trial. We hold that the court did not abuse its discretion in denying the defendant’s motion to dismiss.
Rule 1.420(e) is not self-executing. Where no timely notice of hearing is scheduled on a motion to dismiss prior to the resumption of action which furthers prosecution of the case, the nonmoving party is entitled to assume that the motion has been abandoned. See Pollock v. Pollack, 116 So.2d 761 (Fla.1959); Fields v. Fields, 291 So.2d 663 (Fla. 1st DCA 1974); Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969).
Affirmed.