WARNER, MARTHA C., Associate Judge.
This is an appeal from an order dismissing a medical malpractice action for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e).
Plaintiff filed suit in April of 1985 just prior to the expiration of the statute of limitations on her claim. However, no summons to defendants were issued at that time. Just over one year later two of the unserved defendants, Dr. Nowakowski and the Florida Patient’s Compensation Fund, moved to dismiss the action for lack of prosecution. In response thereto the plaintiff filed affidavits attempting to show good cause why the action should not be dismissed. Prior to the first noticed hearing on the motion to dismiss the plaintiff filed a request to produce directed to some of the defendants and had the clerk issue summonses to all defendants.
It is unclear on the record whether or not a hearing was actually held on the motion to dismiss. Nevertheless, on June 10,1986, the two moving defendants filed a withdrawal of their motion to dismiss for lack of prosecution. Their “withdrawal” filed in the clerk’s office indicated a settlement with one defendant and a consent that plaintiff had the right to continue against all other defendants, including the Florida Patient’s Compensation Fund. Unbeknownst to either the defendants or the plaintiffs, on the same day the trial court signed an order granting the motion to dismiss for lack of prosecution. The order recited that “Defendant’s motion to dismiss is granted without prejudice.”
The remaining defendants, who had been served by this time, filed answers subsequent to the court’s order, alleging various defenses. Some, but not all of the defendants, raised as an issue the failure to prosecute the cause for over a year as a defense. In July the plaintiff moved to vacate the June order granting the original motion to dismiss for failure to prosecute. An order vacating the June order was entered by the trial court in August to which the remaining defendants objected and filed their own motions to dismiss for failure to prosecute. Based upon their various motions, the trial court dismissed the action, which order is the subject of this appeal.
In order to decide this issue, we need not reach the questions of whether or not good cause was shown to deny the original motion to dismiss for failure to prosecute because that motion was withdrawn by the moving defendants. See Barr v. Ehrlich, 301 So.2d 147 (Fla. 4th DCA 1974). Furthermore, since the order was non-final, the *727 trial court had continuing jurisdiction to vacate the order. It did so in August, thus recognizing the parties’ prior withdrawal of the motion to dismiss.
The calculation of the time period for a motion to dismiss for lack of prosecution is based on the period one year immediately prior to the filing of the motion to dismiss for failure to prosecute. Flack v. Kuhn, 277 So.2d 593 (Fla. 4th DCA 1973); Collado v. C & C Cattle Co., 415 So.2d 901 (Fla. 3d DCA 1982). Since there was record activity through the filing of summonses, requests to produce, and answers to the complaint within a few weeks prior to the remaining defendants moving for dismissal for failure to prosecute, it was error for the trial court to dismiss plaintiff’s cause of action even though there was a prior gap of over one year in the proceedings. See Glassalum Engineering Corp. v. 392208 Ontario Ltd., 487 So.2d 87 (Fla. 3d DCA 1986); Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969). Thus, the order is reversed and remanded for further proceedings.
ANSTEAD and DELL, JJ., concur.