CANADY, Judge.
The plaintiffs, Larry W. Noughton and Karolyn Noughton, appeal a trial court order dismissing for failure to prosecute their complaint against defendants W. Ross Hooker, Platinum Contracting, Inc., *1177 and Butler Manufacturing Co. The Nough-tons raise three points on appeal. We address only one point, which we conclude requires reversal of the trial court’s order.
In June 1999, the Noughtons filed a complaint against the defendants, alleging breach of contract. On February 19, 2003, the defendants filed motions to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). On March 14, 2003, the Noughtons filed a showing of good cause, claiming that they had been attempting to depose a representative of Butler since September 2002.
While the motions to dismiss for failure to prosecute were pending, the parties continued to engage in discovery. They also participated in mediation, which proved to be unsuccessful.
On June 11, 2004, the defendants noticed for hearing their motions to dismiss for failure to prosecute. On July 12, 2004, the trial court held a hearing on the motions. On September 15, 2004, the trial court issued an order finding that there was no record activity during the one-year period from February 12, 2002, to February 19, 2003, but that an evidentiary hearing would be necessary to determine if the Noughtons established good cause to preclude dismissal under rule 1.420(e) and to determine if there was activity occurring after February 19, 2003, that would constitute an abandonment of defendants’ motions to dismiss. On January 10, 2005, the trial court held another hearing. On February 16, 2005, the trial court entered an order, finding that there was no record activity from “February 12, 2002[,] through February 19, 2003[,] and no good cause has been shown for this failure to prosecute.” The trial court dismissed the action without prejudice.[1]
On appeal, the Noughtons argue that granting the defendants’ motions to dismiss for failure to prosecute was error because the defendants abandoned their motions by participating in discovery and mediation. In making this argument, the Noughtons rely on City of Miami v. Katz, 498 So.2d 635 (Fla. 3d DCA 1986).
In Katz, the hearing on the motion to dismiss for failure to prosecute was held seven months after the motion was filed. Id. at 636. In the interim, the plaintiff had “actively prosecuted the claim through completion of discovery and setting the case for trial.” Id. The court held that “[w]here no timely notice of hearing is scheduled on a motion to dismiss prior to the resumption of action which furthers prosecution of the case, the nonmoving party is entitled to assume that the motion has been abandoned.” Id. The Third District affirmed the trial court’s denial of the motion to dismiss for failure to prosecute. Id.
The defendants claim that this case is distinguishable from Katz because here discovery was not complete and the case was not set for trial. This argument is not supported by the record. At the hearing, the Noughtons’ counsel stated that “[b]ut for the fact that [one of the defendants] hasn’t filed an answer, the case will be at issue, it is ready to be tried.” In addition, the holding in Katz does not require the case to be ready for trial but instead focuses on the “resumption of action which furthers prosecution.” Id. at 636. Therefore, the defendants’ attempt to distinguish Katz is unavailing.
*1178 The Katz court relied on three cases. In Pollock v. Pollack, 116 So.2d 761 (Fla.1959), the supreme court addressed the abatement statute from which rule 1.420(e) was adopted and held that it was not self-executing but required a party to seek dismissal under it. In Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla. 3d DCA 1969), the Third District held that the trial court should not have dismissed an action for failure to prosecute because the defendants did not move for dismissal under rule 1.420(e) before the plaintiff resumed activity after one year of no activity. The court held that “[t]he moving party must seek dismissal prior to resumption of affirmative action toward prosecution of the case.” Id. at 763. In Fields v. Fields, 291 So.2d 663 (Fla. 1st DCA 1974), the First District placed the burden on the court to schedule a hearing on its own notice or motion to dismiss for failure to prosecute. The court held that where the court serves a notice of intention to dismiss and no hearing is held on that notice, no timely order is entered, and “the parties continue to file pleadings and take depositions, they are entitled to rely upon the court’s inaction and to assume that the notice or motion of the court has been abandoned.” Id. at 665.
The holding in Katz is consistent with the idea that “[ljitigants have an affirmative obligation to move them cases to resolution and not sit back and rely on the trial court to set their hearings for them.” Sewell Masonry Co. v. DCC Constr., Inc., 862 So.2d 893, 899 (Fla. 5th DCA 2003).
Because the defendants effectively abandoned their motions to dismiss for failure to prosecute by engaging in discovery and participating in mediation, we conclude that the trial court abused its discretion in granting the motions to dismiss for failure to prosecute. See Katz, 498 So.2d at 636. Accordingly, we reverse the trial court’s order granting the defendants’ motions to dismiss and dismissing the Noughtons’ complaint without prejudice.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.

. The Noughtons claim that the breach of contract cause of action accrued no later than February 1999. The statute of limitations would therefore have run by February 2004, before the trial court entered the order dismissing the complaint. See § 95.11(2)(b), Fla. Stat. (Supp.1998).